## 32514. JACKSON v. THE STATE.

HALL, Justice.

Jackson was convicted of the armed robbery of a C & S Bank and sentenced to 20 years. This is his appeal.

1. The state's evidence, including numerous eyewitness identifications of Jackson as the perpetrator of the robbery, was more than adequate to support the verdict.

2. Jackson enumerates error on the trial court's refusal of additional continuances to allow him to retain private counsel. He was defended by the public defender, who represented to the court that he had made numerous efforts to gain Jackson's cooperation and was as ready as possible considering the balkiness of his client. Jackson had been granted at least one prior two-week continuance to retain counsel; he had not done so; he stated to the court that he had no money but hoped to allow retained counsel to hold some property for his fee; but that the attorney he desired had told Jackson's wife he would not take the case. The judge stated on the record that the case had been on his calendar three different times and each time he had granted Jackson a continuance. The court did not err in refusing another continuance.

3. Jackson contends that the trial court erred in failing to instruct the jury without a request that the prosecution must prove Jackson's statement to have been voluntarily made by a preponderance of the evidence. Jackson argues that the court's instruction left the jury with no guideline for determining voluntariness.

The only Georgia statutes which provide jury guidelines concerning confessions are Code Ann. §§ 38-420 and 38-411. Those sections provide that confessions must be scanned with care, and must be voluntary in the sense of not having been induced by hope of benefit or fear of injury. (Both principles were charged at Jackson's trial.) No statute provides a weight-of-the-evidence test to be applied by the jury.

In Georgia, once the trial judge has conducted a Jackson v. Denno hearing and found the confession voluntary by a preponderance of the evidence, as he did here, it may go to the jury without the "preponderance of the evidence" instruction contended for when no such instruction was requested. *Batts v. State,* 238 Ga. 664 (235 SE2d 377) (1977); *Elvine v. State,* 205 Ga. 528 (54 SE2d 626) (1949). There is no constitutional barrier to this procedure: "We . . . reject petitioner's final contention that, even though the trial judge ruled in his coercion claim, he was entitled to have the jury decide the claim anew." Lego v. Twomey, 404 U. S. 477, 489 (1972).

*Judgment affirmed. All the Justices concur.*

SUBMITTED JULY 8, 1977 — DECIDED SEPTEMBER 6, 1977.

*Stephen M. Friedberg,* for appellant.

*Lewis R. Slaton, District Attorney, Donald J. Stein, Assistant District Attorney, Arthur K. Bolton, Attorney General, Isaac Byrd, Assistant Attorney General,* for appellee.