## S91A0123. HAWES v. THE STATE.
(402 SE2d 714)

BELL, Justice.

Ira Hawes was convicted of the felony murder of Annette Popoola, with aggravated assault as the underlying felony, and was sentenced to life imprisonment.[1] He appeals, and we affirm.

1. Appellant raises the general grounds.

There was evidence that appellant and the victim had an on-and-off relationship as lovers. On November 5, 1988, they were in a tavern, where they argued. Appellant twice shot the victim, who was unarmed and had not threatened him. One shot wounded the victim in a leg, and the other shot fatally wounded her in the head. We find that the evidence satisfies the test of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. The trial court did not err by admitting into evidence statements appellant had made to the police.

3. Appellant contends the trial court erred by failing to instruct the jury that the standard of proof for the jury to find his statements were voluntary was a preponderance of the evidence.

This contention presents no error. Appellant does not allege he requested the court to charge on the preponderance standard, and nothing in the record indicates he in fact made such a request. We therefore will assume, for purposes of addressing this enumeration, that he did not make such a request.

In Georgia, once the trial judge has conducted a Jackson v. Denno hearing and found the confession voluntary by a preponderance of the evidence, as [she] did here, it may go to the jury without the "preponderance of the evidence" instruction contended for when no such instruction was requested. [Cits.] There is no constitutional barrier to this procedure: "We . . . reject petitioner's final contention that, even though the trial judge ruled in his coercion claim, he was en-

---

[1] The crime occurred on November 5, 1988. On December 30, 1988, Hawes was indicted. The verdict was returned on July 12, 1989. Hawes was sentenced on July 13, 1989. On August 10, 1989, he moved for a new trial. The court reporter certified the trial transcript on May 23, 1990. On August 23, 1990, the trial court denied the motion for new trial. Hawes filed his notice of appeal on September 24, 1990. The clerk of the trial court certified the record on October 22, 1990. On October 25, 1990, the record was filed in this Court. On December 7, 1990, the appeal was submitted for decision on briefs.

titled to have the jury decide the claim anew." Lego v. Two-mey, 404 U. S. 477, 489 (1972). [*Jackson v. State*, 239 Ga. 449, 450 (3) (238 SE2d 31) (1977).]

4. Appellant claims the court erred by excluding evidence that metabolites of cocaine were found in the victim's bloodstream. He asserts, without elaborating argument or citation of authority, that the evidence was "crucial" to the element of provocation in his defense of voluntary manslaughter.

Since appellant has not demonstrated how the victim's use of cocaine contributed in any way to behavior by the victim that might have constituted provocation and therefore would have been relevant to his defense of voluntary manslaughter, see *Cole v. State*, 254 Ga. 286 (1) (329 SE2d 146) (1985), we find the trial court did not err by excluding the evidence in question.

5. The jury instructions on malice murder, felony murder, and voluntary manslaughter were not coercive or unduly restrictive. *Hill v. State*, 259 Ga. 655 (3) (386 SE2d 133) (1989).

*Judgment affirmed. All the Justices concur.*

DECIDED APRIL 10, 1991.

*Debra B. Randall*, for appellant.
*Lewis R. Slaton*, District Attorney, *Richard E. Hicks*, Assistant District Attorney, *Michael J. Bowers*, Attorney General, *C. A. Benjamin Woolf*, for appellee.