## S00A0029. ROBINSON v. THE STATE.
(527 SE2d 845)

HUNSTEIN, Justice.

Frederick Leon Robinson was convicted of malice murder, felony murder and aggravated assault arising out of the shooting death of Mario Turner. He was sentenced to life imprisonment for the malice murder and appeals from the denial of his motion for a new trial.[1] We affirm.

1. The evidence adduced at trial authorized the jury to find that

---

[1] The crimes occurred on January 9, 1995. Robinson was indicted June 6, 1995 in Fulton County. He was found guilty on April 25, 1996 and was sentenced that same day. His motion for new trial, filed May 9, 1996 and amended March 16, 1999, was denied April 29, 1999. A notice of appeal was filed May 11, 1999. The appeal was docketed September 17, 1999 and was submitted for decision on the briefs.

after Turner switched bags of marijuana with appellant, appellant confronted Turner. The exchange was verbal, but 30 minutes later appellant returned with a double barrel shotgun and, after demanding his marijuana, shot Turner. The victim collapsed to the ground and appellant then stood over him, shooting him again at close range. The victim died on the scene from the shotgun blast to his chest. Three eyewitnesses who knew all the parties involved testified to these events and said there was no physical confrontation between Turner and appellant and the victim did not strike or threaten appellant before the shooting. In his statement to police, appellant confessed that he shot Turner but claimed he did so after Turner had thrown appellant against a trash can and taken $50 from appellant's pocket.

We find the evidence sufficient to enable a rational trier of fact to find appellant guilty of the charged crimes beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Appellant contends the trial court denied him a thorough and sifting cross-examination when it sustained the prosecutor's objection to the relevancy of the defense's cross-examination of witnesses David Reed and Ralph Swinger. Defense counsel sought to cross-examine both men, who were eyewitnesses to the crime, whether they had been searched by the police at the scene of the crime. Appellant asserts that the questioning was relevant and admissible because it would have explained to the jury why police did not find on the victim the $50 appellant claimed the victim had recently taken from him.[2] The transcript, however, reveals that defense counsel did not cross-examine the witnesses about the money, e.g., whether they had seen the victim with the money, whether the victim had given them the money or even whether the eyewitnesses had taken the money from the victim. When the State objected to the challenged questions on the basis that a search of the witness was irrelevant to the charged crimes, appellant did not present the argument for the questions' relevancy now proffered on appeal or offer to establish the relevancy in subsequent questions. The sole explanation for the questions was made after the objection was sustained to defense cross-examination of Swinger about being searched, when defense counsel stated that it was relevant "based on the actions that the police took." This did not constitute grounds for the admission of this evidence,

---

[2] Although the transcript reflects that the prosecution's witness was asked solely as to the amount of money discovered on appellant, rather than the victim, the trial court ruled that it was clear to the jury that the prosecution meant to ask about the money discovered on the victim and that the jury would have understood the witness' answer to refer to the victim. Appellant raises no challenge to the trial court's ruling in this regard.

where, as here, the defense theory during trial was that the homicide constituted voluntary manslaughter rather than murder. *Weems v. State*, 269 Ga. 577 (2) (501 SE2d 806) (1998) (evidence of conduct of police officers during investigation not admissible when not relevant to issues at trial). Under these circumstances we find no abuse of the trial court's discretion in disallowing the questions. Id.

3. During cross-examination of the police detective who investigated the crimes, appellant sought to elicit that cocaine was recovered from the victim's hand and pocket. To support the admission of this testimony, appellant proffered the expert testimony of a GBI crime lab toxicologist that cocaine metabolites had been found in the victim's blood. Appellant argued that the proffered evidence and the cross-examination question were relevant and admissible because the jury could find that the victim had consumed cocaine recently (due to the presence of cocaine on the body) and that as a result of the cocaine in his system the victim had acted aggressively against appellant, thereby providing the provocation for appellant's voluntary manslaughter defense. The trial court excluded the expert testimony and sustained the objection to defense counsel's cross-examination of the police detective because the expert witness could not say what, if any, effect cocaine had on Turner at the time of his fatal argument with appellant and the trial court thus concluded that the expert's evidence was too speculative and the detective's testimony irrelevant. We find no error in the trial court's ruling. See *James v. State*, 270 Ga. 675 (2) (513 SE2d 207) (1999).

4. Assuming, arguendo, that the trial court erred in its instructions to the jury regarding the aggravated assault charge, any error was mooted when the trial court entered judgment and sentenced appellant solely on the malice murder conviction. *Adams v. State*, 271 Ga. 485 (5) (521 SE2d 575) (1999).

5. Appellant's final enumeration is controlled adversely to him by our holding in *Moses v. State*, 270 Ga. 127, 130 (5) (508 SE2d 661) (1998) in which we found no error in the giving of the same jury instruction challenged here.

*Judgment affirmed. All the Justices concur, except Carley, J., who concurs in judgment only as to Division 2.*

DECIDED JANUARY 31, 2000 —
RECONSIDERATION DENIED MARCH 3, 2000.

*Jana M. Whaley,* for appellant.
*Paul L. Howard, Jr., District Attorney, Bettieanne C. Hart, Elizabeth A. Baker, Assistant District Attorneys, Thurbert E. Baker, Attor-*

■

ney General, *Paula K. Smith*, Senior Assistant Attorney General, *H. Maddox Kilgore*, Assistant Attorney General, for appellee.