S03G0937. CROWE v. THE STATE.
(591 SE2d 829)

FLETCHER, Chief Justice.

A Rockdale County jury convicted Jerry Lewis Crowe of two counts of misdemeanor vehicular homicide and improper backing for his role in a crash on January 27, 2000 that killed two people. The Court of Appeals of Georgia affirmed his convictions,[1] and this Court granted certiorari. Because we find that the trial court abused its discretion when it improperly excluded relevant evidence offered in Crowe's defense, we reverse.[2]

The evidence presented at trial shows that a car driven by Judy Lynn Lynch struck Crowe's truck as Crowe was improperly backing the truck onto the highway, although Crowe claimed that he was instead moving forward and turning off of the highway. The accident killed two teenage passengers in Lynch's vehicle, including Lynch's daughter. Lynch's car was traveling between 38 and 42 miles per hour at the time of the crash.

A chemical analysis performed on urine drawn from Lynch three hours after the crash revealed the presence of THC (a marijuana metabolite), bupropion (Wellbutrin), and hydrocodone (Percocet). A chemical analysis performed on Lynch's blood revealed the presence of Butalbitol, a sedative, but not the marijuana metabolites or other substances found in Lynch's urine. Before trial, the State filed a motion in limine to exclude any reference to the chemicals found in Lynch's urine.

The trial court granted the State's motion in limine, thereby prohibiting Crowe from introducing Lynch's urinalysis results into evidence or cross-examining Lynch about her marijuana use prior to the crash. The Court of Appeals found that Crowe had failed to establish any facts "which would permit a jury to conclude that, at the

---

[1] *Crowe v. State*, 259 Ga. App. 780 (578 SE2d 134) (2003).

[2] Applying the standard of review set forth in *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979), we find sufficient evidence to support the convictions. The State may, therefore, elect to re-try the case.

time of the incident, Lynch's driving ability was impaired by the substances found in her urine."[3] Accordingly, the Court of Appeals held that the trial court properly suppressed the evidence because it had no relevance to any disputed issues in the case but would only serve to impugn Lynch's character.

We do not disagree with the reasoning of the Court of Appeals, but we must reverse its conclusion. Evidence of drug use is inadmissible when it is intended only to impugn a victim's character and has no relevance to any disputed issues in the case.[4] But evidence that Lynch may have been impaired by marijuana, and thereby less able to avoid the accident, would clearly be relevant to disputed issues in this case. In a vehicular homicide case, the conduct of all drivers involved in the accident is relevant to the extent it may impact the jury's determination of which driver's actions caused the injury, or whether the injury resulted from an unavoidable accident.[5]

The evidence of drug use that Crowe sought to introduce was more than a mere fishing expedition. At the hearing on the motion in limine, an expert from the GBI Crime Lab testified that marijuana metabolites were detected in Lynch's urine but not her blood. The expert stated that marijuana metabolites are generally detectable in the blood for four hours after the use of marijuana, and that the metabolites remain detectable in the urine for forty-eight hours after use. Therefore, the expert opined that Lynch had probably used marijuana between four and forty-eight hours before the blood and urine were drawn. Since Lynch's blood and urine were drawn almost three hours after the crash, it is possible, according to the expert's testimony, that Lynch used marijuana as recently as one hour prior to the accident. Because the expert also testified that a person may be impaired by marijuana for three to six hours after using it, the expert's testimony clearly revealed that the objective analysis performed on Lynch's urine was consistent with the possibility that Lynch was impaired by marijuana at the time of the crash. The expert could not state with any degree of certainty whether in fact Lynch was under the influence of marijuana at the time of the crash.

In addition, other evidence, such as the fact that Lynch may have never engaged her brakes before the crash even though there were no obstructions preventing her from seeing Crowe's truck, also tended to support the possibility that Lynch was impaired at the time

---

[3] *Crowe*, 259 Ga. App. at 782.

[4] *Hawes v. State*, 261 Ga. 164 (402 SE2d 714) (1991) (evidence that victim was under the influence of cocaine inadmissible where defendant put forth no evidence that "victim's use of cocaine contributed in any way to behavior by the victim that might . . . have been relevant to his defense"); *Robinson v. State*, 272 Ga. 131, 133 (527 SE2d 845) (2000) (same).

[5] *Harridge v. State*, 243 Ga. App. 658, 661 (534 SE2d 113) (2000).

of the accident. The GBI expert opined that marijuana can affect a person's ability to perform multi-tasking operations, such as driving, because it can cause a person to focus exclusively on one task at the expense of any others. Lynch's failure to see the truck or apply her brakes before impact could support Crowe's assertion that Lynch may have been impaired by marijuana and thus unable to properly focus on the many tasks associated with driving a car full of teenagers.

The State argues that Lynch's possible impairment is irrelevant because the State's experts testified that Crowe's actions left Lynch with no way to avoid the accident. Although that may be true, it is a fact for the jury to decide. The jury is entitled to hear all the relevant evidence, judge the credibility of all the opposing witnesses, and make that decision for itself. The jury is not required to accept the State's experts' opinions. Whether or not Lynch was impaired, and whether or not her impairment contributed to the accident, was for the jury to determine.

The urinalysis evidence indisputably goes to the question of whether Lynch was impaired and whether that impairment contributed to the accident.[6] Because the record reveals the factual possibility that Lynch was impaired at the time of the crash, and that her impairment may have contributed to the accident, the trial court erred when it prohibited Crowe from presenting the urinalysis evidence or cross-examining Lynch about her marijuana use prior to the crash. If that evidence had been admitted, the jury might have concluded that Lynch was an unsafe driver due to her impairment by marijuana. Such a conclusion would have affected the jury's determination of Crowe's guilt, and accordingly Crowe's conviction must be reversed.

*Judgment reversed. All the Justices concur.*

DECIDED JANUARY 12, 2004.

*John L. Strauss*, for appellant.
*Richard R. Read, District Attorney, Roberta A. Earnhardt, Assistant District Attorney*, for appellee.

---

[6] *Harridge,* 243 Ga. App. at 662.