## S09A0508. GLOVER v. THE STATE.

(678 SE2d 476)

THOMPSON, Justice.

Xavier Glover was convicted of malice murder and aggravated assault in connection with the shooting death of Eber Montero-Morales.[1] On appeal, Glover asserts, inter alia, that he was denied effective assistance of trial counsel. For the following reasons, we affirm the judgment of conviction.

Police responded to two 911 calls reporting a shooting at an apartment complex in DeKalb County. The victim, who had been employed as part of a work crew digging ditches at the complex, was found in a ditch between two apartment buildings. He had been killed by a single gunshot to the back fired from a distance of about three feet. An eyewitness observed Glover and a companion[2] approach the victim; saw the victim throw his arms above his head and remain in that position for about five seconds, and then turn and run. The witness then heard a single gunshot. A co-worker of the victim heard a gunshot and then heard the victim exclaim that he had been "hit." That witness saw evidence of the perpetrator in close proximity to the victim immediately after the shooting. He described that person as an African-American male with shoulder length hair. It was established that the victim left his home that morning with a wallet in his pocket, and that the wallet was missing when the police arrived on the scene.

In a custodial statement to the police, Glover claimed that he was "sitting and chilling" with his companion outside at the apartment complex when he tried to unload his handgun and it accidentally discharged killing the victim who was working in the area. He led the police to a 9 millimeter handgun which he claimed was the weapon he had used.[3] Glover testified in his own defense at trial with a different version of the events. He claimed that he had gone to the

[1] The shooting occurred on June 23, 2006. An indictment was returned charging Glover with malice murder, felony murder while in the commission of an aggravated assault (two counts), and aggravated assault (two counts). Trial commenced on April 23, 2007 and on April 26, 2007, a jury acquitted Glover of one count of felony murder and one count of aggravated assault; he was found guilty of the remaining offenses. On the same day, Glover received a life sentence for malice murder; the remaining counts were vacated or merged. A motion for new trial was filed on May 25, 2007 and amended May 7, 2008. The motion, as amended, was denied on October 15, 2008. Glover filed a notice of appeal to the Court of Appeals on November 12, 2008. The appeal was transferred to this Court by order of the Court of Appeals, docketed in this Court on December 17, 2008, and submitted for decision on the briefs on February 9, 2009.

[2] Glover's companion was only identified by the street name "Black"; he was never located or brought to trial.

[3] Although the State's expert examined this weapon, she was unable to determine whether it fired the fatal shot in this case because no bullet or cartridge case was recovered from the crime scene for analysis and comparison.

apartment complex to sell his handgun, and as he approached a man who was known to buy guns, Glover "picked up his pace" while at the same time attempting to slide the clip out of the gun; the gun then discharged accidentally striking the victim who happened to be nearby. Glover added that he "took off running," jumped a fence, and fled from the scene.

1. Construed most strongly in support of the verdicts, the evidence was sufficient for a rational trier of fact to find appellant guilty beyond a reasonable doubt of malice murder and aggravated assault. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). Glover's testimony and credibility and that of the other witnesses were matters solely within the province of the jury. See *Lewis v. State*, 283 Ga. 191 (1) (657 SE2d 854) (2008). The jury was authorized to reject Glover's accident defense and to accept the State's theory that the victim was held at gunpoint and was intentionally shot in the back as he attempted to flee his assailant.

2. Over Glover's objection on hearsay grounds, the jury was permitted to hear an audiotape of two 911 calls made by bystanders to report the shooting. On appeal, Glover submits that the statements made to the 911 operator were testimonial in nature and thus subject to the Sixth Amendment's Confrontation Clause.

Only testimonial statements "cause the declarant to be a 'witness' within the meaning of the Confrontation Clause." *Thomas v. State*, 284 Ga. 540, 542 (2) (668 SE2d 711) (2008), quoting *Davis v. Washington*, 547 U. S. 813, 821 (III) (A) (126 SC 2266, 165 LE2d 224) (2006). " 'Statements are nontestimonial when made in the course of police interrogation under circumstances objectively indicating that the primary purpose of the interrogation is to enable police assistance to meet an ongoing emergency.' " *Thomas*, supra at 543 (2). Here the calls were made while the incident was still ongoing, the perpetrator was at large, and the operator's questions were intended to assist the police in meeting an ongoing emergency. Id. Thus, the statements were nontestimonial and the Confrontation Clause is not implicated.

Once a determination is made that a statement is nontestimonial in nature, "normal rules regarding the admission of hearsay apply." *Pitts v. State*, 280 Ga. 288 (627 SE2d 17) (2006). Because the calls were placed within a short time after the shooting, and the callers had no opportunity to deliberate about their statements or be influenced by others, the evidence was admissible under the res gestae exception to the hearsay rule. See OCGA § 24-3-3; *Thomas*, supra at 542 (2); *Key v. State*, 289 Ga. App. 317 (1) (a) (657 SE2d 273) (2008).

3. Appellant submits that the trial court committed reversible error in responding to a question from the jury.

No bullets or shell casings were retrieved from the crime scene, and none were introduced into evidence at trial. Shortly after the trial evidence was sent back with the jury during deliberations, the jurors sent a written note to the court, inquiring as follows: "We found two shell casings and four unspent .44 magnum bullets in a brown evidence bag. This evidence was never explained in court. Please explain." The ballistics material was found inside an evidence bag that contained the victim's clothing and the clothing was admitted into evidence during the testimony of the State's firearms expert. The bullets and shell casings were in no way connected to Glover or to the shooting in question.[4] After colloquy with counsel, the court instructed the jury:

> Evidence was marked and admitted. . . . [A]ll evidence comes in the form of sworn testimony from the witness stand and any physical evidence that has been introduced during the course of the proceeding. That exhibit was marked and introduced during the course of the proceedings and you have that for your consideration.

Although the court invited objections to the instruction, defense counsel offered none. Glover's failure to object to the instruction, despite having had the opportunity to do so, constitutes a waiver. See *Taylor v. State*, 296 Ga. App. 212 (7) (674 SE2d 81) (2009) (asserted error in court's failure to address the jury's inquiry waived where not objected to at trial); *Hardwick v. State*, 210 Ga. App. 468 (9) (436 SE2d 676) (1993) (failure to object to court's procedure in answering jury question amounts to waiver).

4. Citing *Anderson v. State*, 247 Ga. 397 (2) (276 SE2d 603) (1981), Glover submits that he was denied a fundamentally fair trial because the State failed to properly preserve the evidence which led to the jury finding the unrelated bullets and shell casings. *Anderson* stands for the proposition that when the State seeks to admit evidence of a fungible nature at trial it must establish with reasonable certainty that the evidence introduced is the same as that seized and that there has been no tampering or substitution. Id. at 399 (2). It is without dispute that the ballistics material discovered in the evidence bag was not introduced in evidence, and Glover does not contend, nor does the record demonstrate, that the error in sending the material to the jury room was attributable to tampering or

---

[4] As noted previously, Glover claimed to have shot the victim with a 9 millimeter handgun and he led the police to such a weapon. But no ballistics evidence was available to determine whether that 9 millimeter was the gun used to shoot the victim. Undisputedly, there was no evidence at trial concerning a .44 magnum pistol.

substitution. Instead it appears that it was inadvertently included in the bag along with the victim's clothing that was properly admitted and before the jury as part of the body of evidence. By his failure to object at trial, however, Glover has not preserved his claim that he was denied a fair trial as a result of the State's conduct in allowing the ballistics material to go to the jury room. See *Hite v. State*, 208 Ga. App. 267 (1) (430 SE2d 125) (1993). Compare *Paxton v. State*, 160 Ga. App. 19 (6) (285 SE2d 741) (1981) (trial court erred in allowing the State to tender into evidence *over defendant's objection*, a shotgun which had no connection to the crime as a replica for a toy pistol which was found in defendant's possession at the time of his arrest for armed robbery).

5. Glover asserts that he was denied effective assistance of trial counsel due to counsel's failure to object, request further curative instructions, or move for mistrial after the jury discovered the unrelated shell casings and bullets.

To establish a claim of ineffective assistance of counsel under the Sixth Amendment, a criminal defendant must show both (1) that counsel's performance was deficient, and (2) a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Miller v. State*, 285 Ga. 285 (676 SE2d 173) (2009); *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984).

Assuming that trial counsel provided deficient performance in failing to take further remedial action with regard to the extraneous ballistics items, Glover must also show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, supra, 466 U. S. at 694. In an effort to satisfy that burden, Glover shows that the State established at trial through the testimony of its firearms expert that two particles of gunpowder were found adjacent to the bullet hole in the victim's shirt, leading the expert to conclude that the victim had been shot at a range of about three feet. At the hearing on the motion for new trial, Glover argued that the two gunpowder particles found on the shirt could have been deposited by the unrelated cartridges in the evidence bag. However, the same fire-arms expert also testified at the motion hearing that the likelihood of two gunshot particles landing on the exact spot of the bullet defect in the shirt was "pretty slight." And when asked how likely it was that the particles on the shirt came from those cartridges, she replied, "they didn't." Glover offered no evidence to the contrary. Thus, his theory that the extraneous cartridges may have contaminated the shirt is pure speculation and is insufficient to establish the prejudice prong of *Strickland*.

The court's response to the jury's inquiry, while a correct

statement of law, could certainly have been more instructive. See Division 3, supra. However, Glover failed to carry his burden of showing a reasonable probability that the outcome of the trial would have been different had counsel taken further remedial action to address the extraneous ballistics material. See *Johnson v. State*, 281 Ga. 770 (2) (b) (642 SE2d 827) (2007). Accordingly, the evidence supported the trial court's conclusion that Glover was not denied effective assistance of counsel.

*Judgment affirmed. All the Justices concur.*

DECIDED JUNE 1, 2009.

*Phyllis R. Williams*, for appellant.

*Gwendolyn Keyes Fleming, District Attorney, Barbara B. Conroy, Assistant District Attorney, Thurbert E. Baker, Attorney General, Benjamin H. Pierman, Assistant Attorney General*, for appellee.