A09A2191. TAYLOR v. THE STATE.
(686 SE2d 870)

MIKELL, Judge.

Kendrick Taylor was convicted of two counts of cocaine distribution and was sentenced to a total of twenty years, including fourteen to serve. On appeal from the denial of his motion for new trial, Taylor contends that the trial court erred by concluding that his trial counsel rendered effective assistance. We disagree and affirm.

Taylor asserts that trial counsel was ineffective by failing to impeach two witnesses, confidential informants ("CI") Ashley Wood

---

and Wayne Mullis, with certified copies of their prior convictions. Prior to trial, the court excluded Mullis's conviction of misdemeanor deposit account fraud as impeachment evidence because defense counsel failed to provide a certified copy. Trial counsel apparently was unaware of Wood's 1997 conviction of burglary and conspiracy to commit burglary, a certified copy of which was introduced at the new trial hearing. At trial, Detective Joe Holloway of the Wrightsville Police Department testified that he used these CIs to conduct two "controlled buys" of cocaine from Taylor in 2005. Holloway testified that prior to each buy, he searched the CIs and their vehicles, and then placed video surveillance equipment in the trunks of their cars. The CIs did not operate the equipment. Holloway sent Wood out on April 17 and sent Mullis out on June 28. Both men returned with cocaine they bought from Taylor as well as a videotape on which the buys were captured. The cocaine and videotapes from each buy were introduced into evidence. The CIs identified Taylor at trial as the person from whom they purchased cocaine on the dates in question. Wood and Mullis testified to the details of the transactions and corroborated Holloway's testimony.

Holloway testified that he made a deal with Wood. The CI had pending forgery charges and Holloway agreed to "speak up on his behalf" if Wood made controlled drug buys. Wood confirmed the deal and testified that Holloway said "he would help me when I went to court. He would stand there with me." Wood also testified that at the time of trial, he had been incarcerated for two years on a misdemeanor DUI.

> To establish a claim of ineffective assistance of counsel under the Sixth Amendment, a criminal defendant must show both (1) that counsel's performance was deficient, and (2) a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.[1]

Failure to satisfy either prong of this test is fatal to an ineffective assistance claim, and we need not address the deficient performance issue if the defendant has not borne his burden of showing prejudice.[2] In reviewing the trial court's ruling, "we accept the trial court's factual findings and credibility determinations unless clearly erroneous, but we independently apply the legal principles to the

---

[1] (Citations omitted.) *Glover v. State*, 285 Ga. 461, 464 (5) (678 SE2d 476) (2009).

[2] *Lajara v. State*, 263 Ga. 438, 440 (3) (435 SE2d 600) (1993); *Pringle v. State*, 281 Ga. App. 230, 234 (2) (635 SE2d 843) (2006).

facts.''[3] In this case, the trial court denied Taylor's ineffective assistance claims on the ground that he failed to demonstrate prejudice. We agree.

We assume that misdemeanor deposit account fraud is a crime involving dishonesty or false statement within the meaning of OCGA § 24-9-84.1 (a) (3),[4] so that Mullis's conviction of that crime would have been admissible to impeach him had counsel obtained a certified copy. And we assume, without deciding, that Wood's 1997 burglary and conspiracy conviction met the criteria for use as impeachment pursuant to OCGA § 24-9-84.1 (a) (1) and (b), even though the conviction was ten years old by the time of trial. And finally, we assume, without deciding, that trial counsel's failure to impeach the credibility of these witnesses by proper proof of those convictions "fell below that level of competence members of the bar in good standing are presumed to render.''[5] But we agree with the trial court that these errors do not warrant reversal and a new trial. "An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment.''[6]

Here, Taylor has failed to carry his burden to show that, but for counsel's failure to obtain and introduce these witnesses' prior convictions, there is a reasonable probability that the outcome of the trial would have been different. The jury was already aware of Wood's disreputable character by virtue of his own testimony that he agreed to conduct the drug buy in exchange for assistance on a pending forgery charge and that he had been incarcerated for the previous two years for DUI. In addition, Holloway's testimony corroborated the forgery charge. Accordingly, given the jury's awareness of Wood's recent criminal propensities, no reasonable probability exists that the introduction of an additional conviction that was ten years old would have altered the outcome of the proceeding.[7]

---

[3] (Citation and punctuation omitted.) *Reed v. State*, 285 Ga. 64, 66 (6) (673 SE2d 246) (2009).

[4] See *Clements v. State*, 299 Ga. App. 561 (1) (683 SE2d 127) (2009) (noting that crimes involving dishonesty or false statement include, inter alia, "criminal fraud . . . or any other offense in the nature of crimen falsi, the commission of which involves some element of deceit, untruthfulness, or falsification bearing on the accused's propensity to testify truthfully") (citation and punctuation omitted).

[5] *Scott v. State*, 223 Ga. App. 479, 482 (2) (b) (477 SE2d 901) (1996).

[6] (Citation and punctuation omitted.) *Goodwin v. Cruz-Padillo*, 265 Ga. 614, 615 (458 SE2d 623) (1995).

[7] See *Totten v. State*, 276 Ga. 199, 201-202 (4) (577 SE2d 272) (2003) (trial counsel's failure to impeach a witness with certified copies of a prior conviction did not amount to ineffective assistance where the witness testified he was in federal prison and wore jail attire during his court appearance). Accord *Buchanan v. State*, 273 Ga. App. 174, 181-182 (5) (614 SE2d 786) (2005) (counsel's failure to impeach witness with felony convictions not prejudicial

With regard to Mullis, his conviction of misdemeanor deposit account fraud resulted from his issuance of seven bad checks to Wal-Mart for a total of less than $222, plus bank service charges. He pleaded guilty in magistrate court and was sentenced to probation. Taylor argues that he was prejudiced by his counsel's failure to impeach Mullis with a certified copy of his conviction because Mullis was the only eyewitness to the cocaine transaction on June 28, 2005. Taylor likens his case to *Gibbs v. State*,[8] in which we reversed an armed robbery conviction based on counsel's failure to impeach a witness with certified copies of his felony convictions.[9] Our Supreme Court explained *Gibbs* as follows:

> In *Gibbs*, the [s]tate's case was based almost entirely on a single witness's identification, making the strength of the defense of mistaken identity particularly crucial. Because the excluded evidence would have disproved the [s]tate's argument that Gibbs changed his appearance sometime after the robbery and would have corroborated the impeached testimony of two defense witnesses, the Court of Appeals found a reasonable probability that the result would have been different but for counsel's deficient performance.[10]

Unlike in *Gibbs*, in the case at bar there was a plethora of evidence linking Taylor to the cocaine sale involving Mullis, including a videotape that was played for the jury. Taylor is readily observable on the tape. There could be no mistaken identity. In addition, although the actual hand-to-hand transaction does not appear on the tape, it was proved by overwhelming circumstantial evidence. Holloway testified that after the transaction, Mullis returned with the videotape and with the suspected crack cocaine, which was introduced into evidence and later identified as cocaine. Mullis's testimony as to the manner in which the transaction occurred is consistent with the videotape. Both Wood and Mullis testified that the buys took place near the same location, the Sunset Club. Given the strength of the evidence against Taylor regarding the transaction conducted by Mullis, the trial court did not err in concluding that there is no reasonable probability that, but for counsel's deficient performance in failing to obtain and introduce a

---

because witness testified to participation in crimes on trial); *Ross v. State*, 231 Ga. App. 793, 798 (6) (499 SE2d 642) (1998) (same).

[8] 270 Ga. App. 56 (606 SE2d 83) (2004).

[9] Id. at 59-60 (2).

[10] *Green v. State*, 281 Ga. 322, 323 (2) (638 SE2d 288) (2006).

certified copy of his bad check conviction, the result of the proceeding would have been different.[11]

*Judgment affirmed. Johnson, P. J., and Ellington, J., concur.*

DECIDED NOVEMBER 17, 2009.

*James B. Stewart III*, for appellant.
*Louie C. Fraser, District Attorney, Chad A. Pritchett, Assistant District Attorney*, for appellee.

---

[11] See *Hood v. State*, 292 Ga. App. 584, 586 (4) (666 SE2d 674) (2008) (any deficiency in counsel's failure to attempt impeachment of one witness with the witness's felony conviction did not prejudice defendant in light of other evidence of guilt); *White v. State*, 265 Ga. App. 155, 157 (1) (a) (592 SE2d 920) (2004) (considering the strength of the evidence against the defendant, no prejudice resulted from counsel's failure to introduce victim's forgery conviction).