A10A2010. McMICHAEL v. THE STATE.
(700 SE2d 879)

BLACKBURN, Senior Appellate Judge.

Following a jury trial, Antonio McMichael appeals his conviction for aggravated assault, arguing that the trial court erred in denying his motion for new trial that asserted a claim of ineffective assistance of counsel. We hold that some evidence supported the trial court's finding that trial counsel strategically decided to focus solely on the victim's prior robbery conviction to impeach the victim rather than to refer also to the victim's other much older felony convictions. As the trial court did not clearly err in finding McMichael failed to show ineffective assistance, we affirm.

Construed in favor of the verdict, *Davis v. State*,[1] the evidence shows that two men attacked and mercilessly beat a victim with a "telescoping baton," presumably over some gambling losses. There was some evidence that the attackers took his wallet. The victim, who was found by the police and hospitalized, eventually told police that he knew his attackers, one of whom he knew as "Big Dog." After the victim picked out McMichael from a photo lineup, police arrested McMichael.

McMichael was charged with robbery and aggravated assault. The victim identified McMichael in court as one of the attackers. A jury acquitted McMichael in December 2008 of the robbery charge but found him guilty on the aggravated assault charge. Following the denial of his amended motion for new trial, he appeals.

The only enumeration of error is that the trial court erred in denying McMichael's amended motion for new trial that asserted ineffective assistance of counsel. To prove his claim of ineffective

---

[1] *Davis v. State*, 275 Ga. App. 714, 715 (1) (621 SE2d 818) (2005).

assistance, McMichael was required to

> show that counsel's performance was deficient and that the deficiency so prejudiced [McMichael] that there is a reasonable likelihood that, but for counsel's errors, the outcome of the trial would have been different. [McMichael] must overcome the strong presumption that trial counsel's conduct falls within the broad range of reasonable professional conduct. The trial court's findings with respect to effective assistance of counsel will be affirmed unless clearly erroneous.

(Citations omitted.) *Domingues v. State.*[2] Evidence supported the trial court's finding that McMichael did not meet the first prong.

McMichael claimed that the victim's identification of him as one of the attackers was critical to his conviction, and that therefore his trial counsel acted deficiently in failing to impeach the victim with evidence that the victim had been convicted in April 1998 of cocaine trafficking, in January 1997 of burglary, and in March 1996 of theft by receiving. McMichael argued that although each of these convictions was more than ten years old, the victim was paroled and released from confinement on each of these convictions in April 1999, which was less than ten years from the time of McMichael's December 2008 trial on the present charges. McMichael contended that these convictions were therefore eligible for admission under OCGA § 24-9-84.1 (b) ("[e]vidence of a conviction . . . is not admissible if a period of more than ten years has elapsed since the date of the conviction or of the release of the witness . . . from the confinement imposed for that conviction, whichever is the later date . . .").

We need not address whether these convictions fell within the ten-year period since even if they did, the trial court did not clearly err in holding that McMichael's trial counsel acted strategically in consciously deciding to impeach the victim solely with the more recent, serious conviction for robbery. "A strategic decision is not grounds for finding ineffective assistance." *Johnson v. State.*[3]

On the first day of trial, McMichael's counsel represented that he was aware of all four convictions against the victim but that he intended to use only the 2003 robbery conviction for impeachment purposes. He stated:

> It's my intention to impeach [the victim] with the '03 robbery, that conviction alone. I have ordered from the

---

[2] *Domingues v. State*, 277 Ga. 373, 374 (2) (589 SE2d 102) (2003).
[3] *Johnson v. State*, 266 Ga. App. 898, 900 (3) (598 SE2d 551) (2004).

clerk, Your Honor, all of these files, including the '96 and '97 file[s], in an abundance of caution. My intention is to impeach him on the '03 robbery. I do not believe that the prior burglary is going to be probative in this case. We're not alleging we were there, so I don't think it's going to be probative[. T]he robbery suffices for my impeachment purposes.

During the cross-examination of the victim, McMichael's counsel introduced the 2003 robbery conviction only.

"Whether to impeach prosecution witnesses and how to do so are tactical decisions." *Dixon v. State*.[4] More specifically, "[t]he decision whether to impeach a witness through introduction of certified copies of prior convictions is a matter of trial strategy." *Lewis v. State*.[5] See *Lakes v. State*[6] (defendant's "attorney chose not to question the state's witnesses about their prior convictions as part of a legitimate trial strategy").

Here, McMichael's counsel represented to the court that he felt the 2003 robbery conviction sufficed to show the victim's bad character. He consciously decided not to pursue impeaching the victim with the much older convictions, explaining that the more recent robbery conviction adequately discredited the victim. In addition to using this 2003 conviction for impeachment, McMichael's counsel then cross-examined the victim extensively on the inconsistencies in his testimony and in his identification of McMichael. Counsel in closing argument emphasized the victim's robbery conviction and the inconsistencies in his testimony. This evidence sufficed to sustain the trial court's factual finding that counsel did not act deficiently in pursuing this strategy. See *Taylor v. State*[7] (counsel acted adequately in not introducing prior convictions where "[t]he jury was already aware of [the witness's] disreputable character by virtue of his own testimony that he agreed to conduct the drug buy in exchange for assistance on a pending forgery charge" and that he had served time for a DUI conviction). See also *Adams v. State*.[8]

As evidence of his counsel's deficient performance, McMichael points to his trial counsel's testimony given at the hearing on McMichael's motion for new trial, during which hearing counsel contradicted his representations made to the court during trial.

[4] *Dixon v. State*, 275 Ga. 232, 234 (5) (564 SE2d 198) (2002).
[5] *Lewis v. State*, 302 Ga. App. 506, 508 (a) (691 SE2d 336) (2010).
[6] *Lakes v. State*, 266 Ga. 389, 390 (2) (467 SE2d 566) (1996).
[7] *Taylor v. State*, 301 Ga. App. 104, 106 (686 SE2d 870) (2009).
[8] *Adams v. State*, 283 Ga. 298, 301-302 (3) (d) (658 SE2d 627) (2008).

Specifically, trial counsel at the hearing on the motion for new trial testified that it was *not* his strategy to focus on the robbery conviction alone and that he had made a "mistake" in not introducing the other three convictions. As in other cases, the trial court here was faced with "yet another example of the worrying trend of trial counsel emphatically and even eagerly testifying to his own incompetence." *Carrie v. State*.[9] "[T]his trend is dangerous to the administration of justice if it is allowed to continue without any consequences for trial counsel." Id. The trial court was of course fully authorized to disbelieve counsel's newly-crafted testimony, particularly where it contradicted his statements at the original trial. See generally *Tate v. State*[10] ("[t]he trier of fact is not obligated to believe a witness even if the testimony is uncontradicted and may accept or reject any portion of the testimony"). Since there was some evidence supporting the trial court's finding that counsel was in fact pursuing a reasonable strategy, "it was not error for the trial court to deny the amended motion for new trial on this ground." *Adams*, supra, 283 Ga. at 302 (3) (d). See *Heard v. State*[11] ("[o]n appeal, this Court accepts the trial court's findings of fact, unless they are clearly erroneous") (punctuation omitted).

*Judgment affirmed. Barnes, P. J., and Senior Appellate Judge Marion T. Pope, Jr., concur.*

DECIDED SEPTEMBER 9, 2010.

*Gerard B. Kleinrock*, for appellant.

*Gwendolyn Keyes Fleming, District Attorney, Deborah D. Wellborn, Assistant District Attorney*, for appellee.

---

[9] *Carrie v. State*, 298 Ga. App. 55, 62 (5), n. 23 (679 SE2d 30) (2009).

[10] *Tate v. State*, 264 Ga. 53, 56 (3) (440 SE2d 646) (1994).

[11] *Heard v. State*, 287 Ga. 554, 558 (3) (697 SE2d 811) (2010).