## A11A0446. ASKEW v. THE STATE.

(713 SE2d 925)

BARNES, Presiding Judge.

A DeKalb County jury found Antavious Askew guilty of aggravated assault, and following the denial of his motion for new trial, he appeals. He enumerates as error the trial court's grant of the State's motion in limine to exclude evidence of the victim's cocaine use, and the trial court's ruling that he could not use the victim's prior convictions for impeachment purposes. He also contends that trial counsel was ineffective. Following our review, we affirm.

Viewed in the light most favorable to the jury's verdict, the evidence shows that the victim was leaving a friend's house in the early morning hours of November 22, 2007, when a man he later identified as Askew jumped out of a blue Trailblazer and chased him. The victim recognized the truck as belonging to Askew's father, Antonio McMichael, who was apparently driving. Askew chased the victim until the victim fell, after which Askew began to beat him with a baton-like stick. McMichael joined Askew, and the men beat the victim for approximately 20 minutes. When the men finished beating him, the victim called police, who responded, and the victim was transported to the hospital with severe injuries, including a possible skull fracture. Although he initially told the 911 operator that he did not know who had attacked him, the victim later told police that Askew and McMichael had attacked him, and positively identified the men from a photographic lineup. Askew was charged with aggravated assault and armed robbery, and following a joint jury trial with McMichael, he was acquitted of armed robbery, but found guilty of aggravated assault.[1] At trial, Askew maintained that the victim had wrongly identified him as the person who attacked him, and presented alibi witnesses as to his location the night of the attack.

1. Askew first contends that the trial court erred in granting the State's motion in limine to exclude evidence of the victim's cocaine use. Askew maintains that the evidence was relevant to dispute the victim's identification of his attackers because the presence of cocaine in his system on the night of the attack could have affected the victim's ability to recall the events of the attacks, in particular his identification of his attackers.

Before the start of the trial, the State requested that it be permitted to redact a notation in the victim's medical record from the night of the attack reflecting that his urine sample showed the presence of cocaine. Askew argued that the victim's cocaine use,

---

[1] We affirmed McMichael's conviction in *McMichael v. State*, 305 Ga. App. 876 (700 SE2d 879) (2010).

"if . . . he was using cocaine that day, would be relevant to explain — as to the issue of his ability to recall facts." The trial court granted the motion subject to reconsideration, and limited its application to only the opening statements and the examination of witnesses, but permitted "the defense to question the alleged victim outside the jury's presence as to whether there was any cocaine usage and . . . to talk to the doctor to find out what this notation means to see if it would have any relevance to the case."

The record does not reflect that Askew questioned the victim or the treating physician about the cocaine. However, during the trial the doctor testified that the victim's heart rate was elevated, and at the conclusion of her testimony a bench conference was held at which Askew asked that he be permitted to question the doctor about the correlation between an elevated heart rate and cocaine use. The trial court denied Askew's request, but after adjourning for lunch, permitted him to question the doctor about the physical effects of cocaine as a proffer of the evidence for the record.

The doctor testified that the urine screening performed on the victim would not show how much cocaine the victim had in his system or when the cocaine was ingested, and that the victim's elevated heart rate coupled with low blood pressure was more likely caused by blood loss.

Evidence of drug use is inadmissible when it is intended only to impugn a victim's character and has no relevance to any disputed issues in the case. OCGA § 24-2-2.[2] "Admission of evidence is a matter committed to the sound discretion of the trial court, and the trial court's evidentiary decisions will not be disturbed on appeal absent an abuse of discretion." (Citation and punctuation omitted.) *Bozzuto v. State*, 276 Ga. App. 614, 618 (2) (624 SE2d 166) (2005).

In *Robinson v. State*, 272 Ga. 131, 133 (3) (527 SE2d 845) (2000), our Supreme Court found that a toxicology report showing the presence of cocaine metabolites in the victim's blood was irrelevant where there was no showing of what effect cocaine had on the victim at the time of his argument with the appellant. Id. at 133 (3). *Hawes v. State*, 261 Ga. 164 (4) (402 SE2d 714) (1991). Similarly, in *James v. State*, 270 Ga. 675, 676 (2) (513 SE2d 207) (1999), the Court held that as the defendant was unable to show in his proffer that the victim had been using marijuana close enough to the shooting to have had an influence on him at that time, the evidence of marijuana use was not relevant and was properly excluded.

---

[2] "The general character of the parties and especially their conduct in other transactions are irrelevant matter unless the nature of the action involves such character and renders necessary or proper the investigation of such conduct."

Here, the cocaine was detected in a urine screening, and there was no evidence about the quantity of cocaine in the victim's system or when it was ingested. Further, the doctor testified that the screening would provide no assistance in providing that information. Although Askew maintained that the victim's cocaine use was relevant as to the victim's ability to recall the events of the attack and identify his attackers, there was evidence presented that the victim suffered a significant head injury, which could also explain his ability to correctly access the identity of his attackers and his perception of the attack. The emergency room doctor testified that the paramedics had reported that the victim initially displayed an "altered mental state" which could indicate in medical terms, disorientation, unresponsiveness, lack of clarity in judgment or a decreased level of consciousness.

Thus, as the evidence as to effects of the cocaine in the victim's body was merely speculative, the trial court did not abuse its discretion in granting the State's motion in limine to exclude it. See *Bell v. State*, 280 Ga. 562, 565-566 (4) (629 SE2d 213) (2006) (evidence of postmortem toxicology report showing presence of cocaine metabolites . . . "too attenuated to warrant speculation about the effects of cocaine on the victim at the time of the shooting."); *Hawes v. State*, 261 Ga. at 165 (4) (evidence that victim was under the influence of cocaine inadmissible where defendant put forth no evidence that "victim's use of cocaine contributed in any way to behavior by the victim that might . . . have been relevant to his defense").

2. Askew also contends that the trial court erred in ruling that he could not impeach the victim with three of the victim's four felony convictions because the excluded convictions were not more than ten years old for purposes of OCGA § 24-9-84.1 (b).

> OCGA § 24-9-84.1 (b) provides for a "time limit" to the general rule of OCGA § 24-9-84.1 (a), which addresses the admission of a prior conviction for purposes of attacking a witness's credibility. . . . Evidence of a conviction "is not admissible if a period of more than ten years has elapsed since the date of the conviction or of the release of the witness or the defendant from the confinement imposed for that conviction, whichever is the later date," unless the court finds the probative value of the conviction supported by specific facts and circumstances substantially outweighs its prejudicial effect. OCGA § 24-9-84.1 (b). In addition, the conviction is not admissible unless the proponent gives the adverse party advance written notice of intent to use such

evidence so that the adverse party has a fair opportunity to contest its use.

*Crowder v. State*, 305 Ga. App. 647, 648 (1) (700 SE2d 642) (2010).

On the first day of trial, defense counsel notified the trial court that he had recently discovered that the victim had three additional convictions. He had apparently represented the victim in two of the convictions, and asked the trial court that if Askew was permitted to use the convictions to impeach the victim, that someone other than he present the documents to impeach the victim. Defense counsel stated that he wanted to apprise the trial court of the potential conflict should the evidence be admitted. The State objected to the use of three of the four convictions, believing them to be more than ten years old, but not the fourth, a 2003 conviction. The trial court held that evidence of the three older convictions was inadmissible because the convictions were more than ten years old and Askew had not provided written notice within ten days of trial. No objection was made, and Askew did not at any point argue that the convictions were less than ten years old, as he now claims.

"In light of trial counsel's actions, [Askew] cannot now claim that the trial court erred in considering the sufficiency of the advance notice to the State for purposes of OCGA § 24-9-84.1 (b). Matters not objected to at trial cannot be raised for the first time on appeal." (Citations and punctuation omitted.) *Crowder v. State*, 305 Ga. App. at 649 (1).

3. Askew also contends that trial counsel was ineffective for failing to impeach the victim with the four felony convictions. He argues that trial counsel was deficient for failing to provide the prerequisite ten-day notice, and also for failing to argue that the three contested convictions were not subject to the notice requirement. We do not agree.

In denying Askew's motion for new trial, the trial court found that trial counsel was not deficient and also that "even if the three additional felony convictions had been admitted, there is no reasonable probability that the outcome of the trial would have been different given the defenses of mistaken identity and third-party guilt."

To prove his claim of ineffective assistance, Askew was required to

show that counsel's performance was deficient and that the deficiency so prejudiced [Askew] that there is a reasonable likelihood that, but for counsel's errors, the outcome of the trial would have been different. [Askew] must overcome the strong presumption that trial counsel's conduct falls within

the broad range of reasonable professional conduct. The trial court's findings with respect to effective assistance of counsel will be affirmed unless clearly erroneous.

(Citations omitted.) *Domingues v. State*, 277 Ga. 373, 374 (2) (589 SE2d 102) (2003). Failure to satisfy either prong of this test is fatal to an ineffective assistance claim, and we need not address the deficient performance issue if the defendant has not borne his burden of showing prejudice. *Lajara v. State*, 263 Ga. 438, 440 (3) (435 SE2d 600) (1993).

Here, Askew has failed to carry his burden to show that, but for counsel's failure to introduce the victim's earlier convictions, there is a reasonable probability that the outcome of the trial would have been different. The victim was referred to as "not trustworthy" and "a thief" during the trial. His 2003 conviction for burglary was admitted and referenced repeatedly during the trial. Also, the victim testified about a dice game that he had with Askew's father, McMichael, after which he was accused of "tricking" McMichael out of his money. Accordingly, given the jury's awareness of the victim's criminal propensities, no reasonable probability exists that the introduction of the additional convictions would have altered the outcome of the proceeding. *Taylor v. State*, 301 Ga. App. 104, 106 (686 SE2d 870) (2009).

*Judgment affirmed. Adams and Blackwell, JJ., concur.*

DECIDED JULY 12, 2011.

*Jennifer A. Trieshmann*, for appellant.

*R. Javoyne Hicks White, District Attorney, Deborah D. Wellborn, Assistant District Attorney*, for appellee.