In the Supreme Court of Georgia

Decided: November 17, 2014

S14A1529. GILL v. THE STATE.

MELTON, Justice.

Following a jury trial, Robert Lee Gill was found guilty of felony murder, aggravated battery, and aggravated assault in connection with the beating death of Terry Lynn Carson.[1] On appeal Gill contends that the evidence was insufficient to support the verdict and that the trial court erred by excluding at trial certain medical records evidence pertaining to the victim. We affirm.

1. Viewed in the light most favorable to the jury's verdict, the evidence reveals that, on June 18, 2012, Gill got into a verbal and then physical altercation with his co-worker, Carson. After the initial altercation had ended,

---

[1] On July 31, 2012, Gill was indicted for malice murder, two counts of felony murder (predicated on aggravated assault and aggravated battery), aggravated assault, and aggravated battery. Following a July 8-12, 2013 jury trial, Gill was found guilty on all charges except malice murder. On July 17, 2013, the trial court sentenced Gill to life imprisonment for felony murder, and the remaining charges were merged for sentencing purposes. Gill filed a motion for new trial on July 12, 2013, which he amended on August 1, 2013. The trial court denied the motion on May 5, 2014. Following the payment of costs, Gill's timely appeal was docketed in this Court for the September 2014 Term and submitted for decision on the briefs.

and in the presence of several eyewitnesses, Gill approached the unarmed Carson from behind and hit him in the back of the head with a large piece of wood, fracturing his skull. Carson fell to the ground, and Gill continued to kick him in the head. Carson was taken to the hospital, where he later died from his injuries.

This evidence was sufficient to enable a rational trier of fact to reject Gill's claim of self-defense and find him guilty of the crime of which he was convicted beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307 (99 SCt 2781, 61 LE2d 560) (1979); Bostic v. State, 294 Ga. 845, 846 (1) (757 SE2d 59) (2014) ("The question of justification was a matter for the jury, which was free to reject [the defendant's] version of the events") (citation omitted).

2. Gill argues that the trial court erred by excluding from evidence at trial certain toxicology reports that would have allegedly shown that Carson may have been under the influence of drugs at the time of his altercation with Gill. However, "[e]vidence of drug use is inadmissible when it is intended only to impugn a victim's character and has no relevance to any disputed issues in the case." (Footnote omitted.) Crowe v. State, 277 Ga. 513, 514 (591 SE2d 829) (2004). See also Robinson v. State, 272 Ga. 131, 133 (3) (527 SE2d 845) (2000)

2

(toxicology report showing presence of cocaine metabolites in the victim's blood was irrelevant where there was no showing of "what, if any, effect cocaine had on [the victim] at the time of his fatal argument with appellant").

Here, there has been no showing of how any drugs that were allegedly in Carson's system may have been affecting his behavior at the time of his fatal encounter with Gill. Gill merely speculates that drugs could have been affecting Carson at the time of the incident, which is an insufficient basis for the toxicology reports relating to Carson to be admitted into evidence at trial. Bell v. State, 280 Ga. 562 (4) (629 SE2d 213) (2006). See also, e.g., James v. State, 270 Ga. 675, 676 (2) (513 SE2d 207) (1999) (exclusion of expert testimony on victim's marijuana use was proper where "the defense could not demonstrate how the use of drugs contributed to behavior of the victim that would have been relevant to [the defendant's] justification defense"). We find no abuse of discretion in the trial court's refusal to admit evidence of the victim's toxicology reports.

3. For all of the reasons stated above, Gill's remaining enumeration regarding the trial court's denial of his motion for new trial lacks merit.

Judgment affirmed. All the Justices concur.

3