A98A0606. LUKE v. THE STATE.
(512 SE2d 39)

MCMURRAY, Presiding Judge.

After this Court, on February 16, 1998, bound by this Court's whole court holding in *Belt v. State*, 227 Ga. App. 425 (489 SE2d 157), decided July 16, 1997, reversed defendant Henry Norman Luke's

convictions for one count of possession of marijuana with intent to distribute and three counts of possession of a firearm by a convicted felon, the Supreme Court of Georgia granted certiorari and remanded to this Court for consideration in light of the holdings in *State v. Belt*, 269 Ga. 763 (505 SE2d 1) reversing *Belt v. State*, 227 Ga. App. 425, supra; *Garrett v. State*, 263 Ga. 131, 132 (1) (429 SE2d 515); and *Brown v. State*, 263 Ga. 89, 90-91 (2) (428 SE2d 78). *Held*:

1. Division 1 of our prior decision, at *Luke v. State*, 230 Ga. App. 712, 713 (1) (497 SE2d 376), is vacated. Upon consideration of the above-referenced authorities, defendant's third enumeration of error is without merit.

2. Defendant's second enumeration is without merit. *Luke v. State*, 230 Ga. App. 712, 714 (2), supra.

3. Defendant's first enumeration contends he was denied his constitutional right to effective assistance of trial counsel. He moved this Court for a remand in which to present that claim of ineffective assistance of trial counsel to the trial court.

The procedure whereby this Court will stay a direct appeal from a criminal conviction and remand for a first hearing on the issue of ineffective assistance of counsel has been overruled. *Howard v. State*, 233 Ga. App. 724, 729 (7) (505 SE2d 768). In the case sub judice, new counsel appeared in time to file a timely notice of appeal, but did so without first filing a motion for new trial or otherwise demanding an evidentiary hearing on any claim of ineffective assistance of trial counsel. Consequently, this claim of ineffective assistance has been procedurally defaulted and presents nothing for review on appeal. *Gantt v. State*, 229 Ga. App. 207, 209 (3) (493 SE2d 608).

4. The fourth enumeration contends the trial court erred in denying defendant's motion for mistrial purportedly based on improper closing argument by the State's attorney.

In closing argument, the State's attorney argued conspiracy to rebut "the second defense[, i.e.,] it didn't get in the hands of the defendants. He didn't possess it. . . . Ladies and gentlemen, that ain't the law. Because I can tell you this. If the law was that the marijuana actually had to get to the person's hands, I wouldn't be here today. I'd be in my office working on another case. I wouldn't be here wasting your time. . . . Or do you think just because the police are able to get there in time and to stop the illegal substances from getting to its source, does that exonerate the folks who are at the receiving end? Well, if that was the law, people would laugh at it. We'd think it was crazy, and the law would be crazy. Common sense tells you that this defense, as stated by the defendants, is crazy, and that's all it is. Because, if that was the law, the judge would be done dismissed the case and we'd all be done gone home, because that ain't the law. We're here and you're deciding a verdict." The State's attor-

ney then differentiated between actual and constructive possession and explained aiders and abettors as parties to the crime. Subsequently, as the State's attorney recounted the evidence, defendant interposed an objection as to certain facts purportedly not in evidence. The trial court admonished the State's attorney to "stay on track," and argument continued. Only later did defendant move for a "mistrial based on the assistant district attorney making the statement if the defense . . . had a defense that was any good, the judge would have already dismissed the case. We take that as being highly prejudicial, improper, and calculated only to turn the jury against [defendants] and make the jury think the judge thinks the defense is no good. Plus, the burden shifting language which he has stated about [defendant] Norman Luke. He is insinuating that Norman Luke could have taken the stand and didn't, and we think that is definitely grounds for a mistrial. . . ." Without seeking the State's position, the trial court overruled the motion. No rebuke or curative instructions were given.

In our view, this enumeration is controlled favorably to defendant by *Washington v. State*, 80 Ga. App. 415 (56 SE2d 119), where it was held to be error requiring the grant of a new trial for a trial court simply to overrule, without remedial instructions to the jury, the defendant's objection to the prosecutor's use of the following language in his concluding argument to the jury: "If a case had not been made out against the defendant, then the court could and would have directed a verdict of not guilty."

Similar argument was ruled improper by the Supreme Court of Georgia in *Hammond v. State*, 156 Ga. 880, 883 (5) (120 SE 539). "The language in the instant case was objectionable in its use and harmful in its effect. It is objectionable as introducing into the argument the opinion of the trial judge on questions of fact which opinion should not have been in the minds of the jurors in arriving at the verdict. It was erroneous and harmful by reason of the circumstances under which it was used and the [trial] court's action in simply overruling the defendant's objection was . . . likely to have impressed the jury that if the [prosecutor's] statement had not been accurate the court would have adopted some corrective measures relative thereto; and it is too elementary, under our practice, to warrant discussion that the court is not to indulge even in the intimation of what it thinks the evidence does or does not demonstrate so long as the jury remains the trior of the facts." *Washington v. State*, 80 Ga. App. 417, supra. In the case sub judice, the trial court erred in overruling defendant's objections to the State's attorney's improper argument without any corrective measures. This error requires a new trial, see *Forster v. State*, 60 Ga. App. 598, 599 (2) (4 SE2d 498), but only as to the single count of possession of marijuana with intent to distribute.

Nothing in the improper argument or the trial court's inadequate response was calculated to address defendant Norman Luke's illegal possession of firearms after having previously been convicted of a felony. Consequently, we affirm his conviction as to Counts 2, 3, and 4, but reverse his conviction as to Count 1, possession of marijuana with intent to distribute, and remand for a new trial as to that count.

*Judgment affirmed in part, reversed in part, and case remanded with direction. Blackburn and Eldridge, JJ., concur.*

DECIDED FEBRUARY 8, 1999 —
RECONSIDERATION DENIED FEBRUARY 19, 1999 — ▆▆▆▆▆▆▆▆

▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆

*George A. Bessonette, Sandra L. Michaels*, for appellant.
*Robert B. Ellis, Jr., District Attorney, Timothy L. Eidson, Assistant District Attorney*, for appellee.