S13A1298. JOHNSON v. THE STATE.
(750 SE2d 347)

THOMPSON, Chief Justice.

Appellant Gregory Johnson was convicted after a jury trial for the malice murder of Carol Kaye Lewis and other related crimes.[1] He appeals from his convictions and the trial court's denial of his motion

---

[1] The crimes were committed on November 1, 2002. Appellant was indicted by a Bartow County grand jury on August 8, 2003, and charged with malice murder, two counts of felony murder, armed robbery, and three counts of theft by receiving. The State filed its notice to seek the death penalty on December 29, 2003. After a trial on October 17-31, 2006, the jury found

for new trial in which he raised claims of trial court error and ineffective assistance of trial counsel. For the reasons that follow, we affirm.

1. Based on the evidence presented at trial, the jury was authorized to conclude that appellant entered the bookstore owned and operated by the victim and waited until she was alone. He then fatally stabbed the victim, took several distinctive rings from her fingers and cash from the cash register, and left her body in the back of the store. Appellant, who was seen after the crimes wearing the victim's rings, told one witness he had rings to trade for crack cocaine and that the rings, which he "removed from a lady," came off easily "because of the blood." Just prior to her death, the victim spoke on the telephone with her husband, Harold Lewis, and mentioned that the "creepy guy" had been in the store for several hours and she wished he would leave. Lewis, who occasionally worked in the bookstore, was familiar with the person to whom his wife referred and encouraged his wife to step outside until the man left. Less than an hour after the call ended, the victim's son arrived at the store and discovered his mother's body. A few days after the murder, Lewis told police he remembered the name of the person he and his wife referred to as the "creepy guy," Gregory Johnson, and he identified appellant in a photographic lineup.

Construed in the light most favorable to the verdicts, we find the evidence was sufficient to enable a rational trier of fact to find appellant guilty beyond a reasonable doubt of the crimes for which he was convicted. *Jackson v. Virginia*, 443 U. S. 307 (99 SCt 2781, 61 LE2d 560) (1979).

2. Appellant contends the trial court erred by admitting Lewis' testimony about his conversation with the victim just prior to the crimes. Although at trial appellant argued admission of this testimony would violate his rights under the Confrontation Clause, he asserts on appeal that it constitutes inadmissible hearsay. See *Crawford v. Washington*, 541 U. S. 36, 68 (124 SCt 1354, 158 LE2d 177)

---

appellant guilty of all charges except a single count of theft by receiving which was nolle prossed by the State. After the sentencing phase of trial, the jury found the existence of four statutory aggravating circumstances and recommended a sentence of life without parole. On November 21, 2006, the trial court followed the jury's recommendation and sentenced appellant to life without parole for malice murder, a consecutive term of life in prison for armed robbery, a consecutive 12-month term in prison for theft by receiving and a consecutive ten-year sentence for a second theft by receiving conviction. The remaining counts merged or were vacated by operation of law. *Malcolm v. State*, 263 Ga. 369 (4) (434 SE2d 479) (1993). Appellant filed his motion for a new trial on December 21, 2006, and amended the motion on October 30, 2012, and November 5, 2012. His motion for new trial was denied on December 30, 2012. Appellant filed a notice of appeal on January 20, 2013. The appeal was docketed to the September 2013 term of this Court and submitted for decision on the briefs.

(2004). "There is a distinct difference between a challenge to the admission of evidence based upon the Confrontation Clause and that based upon an exception to the hearsay rule[,]" and appellant's failure to raise an objection at trial on hearsay grounds precludes our consideration of his hearsay objection. *Walton v. State*, 278 Ga. 432 (1) (603 SE2d 263) (2004).

Even assuming trial counsel had objected on hearsay grounds, we find no error. Hearsay statements may be admissible under the necessity exception of former OCGA § 24-3-1 (b)[2] if the proponent of the evidence can show the declarant is unavailable, the statement is relevant and more probative of a material fact than other available evidence, and the statement exhibits particular guarantees of trustworthiness. *Bunnell v. State*, 292 Ga. 253 (3) (735 SE2d 281) (2013). Whether a statement is trustworthy is a matter for the trial court's discretion which will not be disturbed on appeal absent an abuse of discretion. *Gibson v. State*, 290 Ga. 6 (3) (717 SE2d 447) (2011).

The first and second prerequisites are satisfied in this case because the victim is deceased and her statements regarding who was present in the bookstore immediately prior to her death are relevant and more probative than other evidence that could be offered. As to the third prerequisite, particularized guarantees of trustworthiness, the State presented evidence that Lewis and the victim had been married and living together for 37 years, during which time they raised three sons. The evidence showed they remained close, they spoke on a regular basis while the victim was at work, and they talked daily, sometimes several times per day, about who was in the book-store and how much business had been done. In addition, Lewis was concerned about his wife's activities, telling her when he learned she was in the store alone with the "creepy guy" to step outside. Lewis also was familiar with the individual to whom his wife was referring because they had talked about him previously using the same terms and Lewis had seen him in the store and waited on him on prior occasions. While the spousal relationship between Lewis and the victim alone might not have been sufficient to establish the requisite indicia of reliability, we find their familial relationship considered together with other evidence of the closeness of their relationship was sufficient. See *Bulloch v. State*, 293 Ga. 179 (3) (744 SE2d 763) (2013). Compare *McWilliams v. State*, 271 Ga. 655 (2) (521 SE2d 824) (1999) (mere fact that victim and witness were sisters was insufficient to

---

[2] This Code section has been repealed and replaced by OCGA § 24-8-807, the residual exception to the hearsay rule. Ga. L. 2011, p. 99, § 2.

establish particular guarantees of trustworthiness). Accordingly, we find no error in the admission of this portion of Lewis' testimony.

3. Both Phyllis Kown, a customer of the bookstore, and Tometta Banks, a part-time bookstore employee, were allowed to testify at trial about statements made by the victim pertaining to a customer who caused her to feel uncomfortable and who she said she wished would not come in. Banks further testified that the victim on a previous occasion had stated "something about him gives me the creeps." Neither of these witnesses was able to identify appellant as the customer to whom the victim referred. Appellant argues on appeal that evidence of the victim's statements constitutes hearsay evidence which should not have been admitted at trial.

Assuming for purposes of appeal that the victim's statements to Kown and Banks constituted inadmissible hearsay, we find any error in the admission of this evidence to be harmless. As discussed above, Lewis testified that his wife told him the "creepy guy" was in the store and he made her feel uncomfortable, and Lewis identified appellant by name and photograph as the person about whom they were speaking. Therefore, even assuming the victim was referring to appellant in her statements to Kown and Banks, their testimony was merely cumulative of Lewis' properly admitted testimony, and we find it highly probable that its admission did not affect the outcome of the proceedings. See *McNaughton v. State*, 290 Ga. 894 (3) (b) (725 SE2d 590) (2012).

4. Several days after the crimes, police gathered together for the purpose of creating a sketch of the suspect several individuals, including Lewis, who stated they previously had seen the individual believed to have been alone with the victim just prior to her death. The group assisted the sketch artist, but due in part to their varying descriptions, no usable sketch was completed. Police then created a photographic lineup comprised of two six-person photographic arrays for the group to view, including a photograph of appellant. No individual at that time identified appellant as the suspect, but three days later, Lewis was shown the arrays again, at his request, and he identified appellant. Lewis then requested to see just a photograph of appellant and confirmed his identification. Appellant asserts that the collaboration of the group attempting to create an accurate sketch and to later identify a suspect from the photographic arrays impermissibly affected Lewis' recollection when he returned to review the arrays a second time. In addition, he argues there was a substantial likelihood of irreparable misidentification once Lewis was shown the single photograph of appellant.

We disagree that the photographic lineup was unduly suggestive.

> An unduly suggestive procedure is one which leads the witness to the virtually inevitable identification of the defendant as the perpetrator, and is equivalent to the authorities telling the witness, "This is our suspect." Where the identification procedure is not unduly suggestive, it is not necessary to consider whether there was a substantial likelihood of irreparable misidentification.

(Citations and punctuation omitted.) *Williams v. State*, 286 Ga. 884, 888 (692 SE2d 374) (2010). The record establishes that the first time the arrays were shown, witnesses quietly reviewed the photographs without making any comment. In fact, there is no evidence of any discussion amongst the witnesses or between witnesses and police concerning the lineup, the crimes, or the individual police were trying to identify. They were not told a suspect was in the lineup, in part because no suspect had yet been identified. Moreover, the lineup shown on both occasions was identical, and there is no suggestion by appellant or in the record that any photograph was emphasized over another at either viewing. See *Williams v. State*, 290 Ga. 533 (2) (a) (722 SE2d 847) (2012). Accordingly, we find nothing about the identification procedures used in this case that required suppression of evidence related to Lewis' identification of appellant. As correctly recognized by the trial court, the weight to be given Lewis' delayed identification of appellant was for the jury to decide. See *Perry v. New Hampshire*, ___ U. S. ___ (132 SCt 716, 725, 181 LE2d 694) (2012).

5. Over appellant's objection, the trial court allowed the State to present similar transaction evidence related to appellant's prior conviction for an aggravated assault against a woman as she rested in her vehicle outside her place of employment. In order for similar transaction evidence to be admissible, the State must demonstrate that: (1) evidence of the independent offense or act is being offered not to raise an improper inference as to the accused's character but for an appropriate purpose; (2) the evidence is sufficient to establish that the defendant committed the independent offense or act; and (3) there is a sufficient connection or similarity between the independent offense or act and the crime charged such that proof of the former tends to prove the latter. *Williams v. State*, 261 Ga. 640, 642 (409 SE2d 649) (1991). In evaluating the trial court's ruling, we accept its factual findings unless clearly erroneous and review its decision to admit the similar transaction evidence under the abuse of discretion standard. *Reed v. State*, 291 Ga. 10 (3) (727 SE2d 112) (2012).

The trial court admitted evidence of the prior incident to show appellant's bent of mind based on the similarities in the crimes. Specifically, the trial court found similarities based on the personal characteristics of the victims and the fact that in both cases appellant used a knife to assault a woman at her place of employment after waiting for the victim to become vulnerable and alone or isolated from others during either the early morning or early evening, generally at times of low light. In addition, in both instances he took personal possessions of minor value. Based on these findings, the trial court determined there was sufficient evidence that appellant committed the prior crime, the crimes were sufficiently similar so that proof of the prior act tended to prove the crimes charged, and the probative value of the similar transaction evidence substantially outweighed the danger of unfair prejudice to appellant. Although we find the question of the sufficiency of the evidence of similarities between the two incidents is a close one under the facts of this case, we cannot say that the trial court abused its discretion in ruling that evidence of the prior aggravated assault was admissible under the law applicable at the time of appellant's trial.[3] See *Faniel v. State*, 291 Ga. 559 (2) (731 SE2d 750) (2012).

6. Appellant further argues that admission of statements made by the now-deceased victim of the previous assault violated his rights under the Confrontation Clause. See *Crawford*, supra. We disagree. The Confrontation Clause prohibits the admission of statements only if the statements were testimonial. *Davis v. Washington*, 547 U. S. 813, 821-822 (126 SCt 2266, 165 LE2d 224) (2006); *Glover v. State*, 285 Ga. 461, 462 (678 SE2d 476) (2009). " 'Statements are nontestimonial when made in the course of police interrogation under circumstances objectively indicating that the primary purpose of the interrogation is to enable police assistance to meet an ongoing emergency.' " *Thomas v. State*, 284 Ga. 540, 543 (2) (668 SE2d 711) (2008), quoting *Davis*, supra, 547 U. S. at 822. Here, the challenged statements were made by the victim of the prior crime to a law enforcement officer minutes after the crime to meet an ongoing emergency; therefore, they were not testimonial, and their admission was not prohibited by the Confrontation Clause. See *Milford v. State*, 291 Ga. 347 (2) (729 SE2d 352) (2012).

---

[3] We note that Georgia's new Evidence Code, effective January 1, 2013, provides that [e]vidence of other crimes, wrongs, or acts shall not be admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, including, but not limited to, proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. OCGA § 24-4-404 (b).

7. Appellant asserts in his final enumeration of error that he was denied effective assistance at trial because counsel failed to object on hearsay grounds to Lewis' testimony about his telephone conversation with the victim and failed to object to testimony about a prison note. In order to prevail on his claim of ineffective assistance, appellant must show both that counsel's performance was deficient and that the deficiency prejudiced him so that there is a reasonable likelihood that, but for the deficiency, the outcome of his trial would have been different. *Strickland v. Washington*, 466 U. S. 668 (III) (104 SCt 2052, 80 LE2d 674) (1984). To meet the first prong of this test, appellant must overcome the strong presumption that counsel's conduct was within the broad range of reasonable professional conduct. Id. at 689-690. To satisfy the second prong, appellant must show that there is a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different. Id. at 694. In reviewing a claim of ineffective assistance, we give deference to the trial court's factual findings and credibility determinations unless clearly erroneous, but we review a trial court's legal conclusions de novo. *Sanford v. State*, 287 Ga. 351, 356 (5) (695 SE2d 579) (2010).

(a) Trial counsel's failure to object on hearsay grounds to Lewis' testimony at trial cannot constitute deficient performance because, as determined above, this evidence was properly admitted. "[T]he failure to make a meritless objection will not provide support for finding trial counsel ineffective." *Nations v. State*, 290 Ga. 39, 44 (4) (d) (717 SE2d 634) (2011).

(b) Appellant also argues that counsel was ineffective when he failed to object to the testimony of Tyrone Carter. Carter, who was incarcerated at the county jail at the same time as appellant, testified without objection that he received a handwritten note purportedly signed by appellant and instructing him (Carter) not to tell anyone he bought the rings from appellant. During the hearing on the motion for new trial, trial counsel testified he considered objecting to Carter's testimony but decided not to because Carter already had been thoroughly discredited by his own statements, including his admission that he had previously provided a contradictory version of events. In addition, on cross-examination, Carter admitted that he was not familiar with appellant's handwriting, that the note had been given to him by a jail trustee, and that he could not say whether appellant wrote the note. We find counsel's decision not to object to Carter's testimony and to instead cross-examine Carter about his prior inconsistent statement and lack of personal knowledge about the author or origin of the note was a matter of trial strategy and was not so patently unreasonable that no competent lawyer would have made

the same decision. See *Young v. State*, 292 Ga. 443 (3) (a) (738 SE2d 575) (2013); *Durham v. State*, 292 Ga. 239 (4) (a) (734 SE2d 377) (2012). Accordingly, appellant has failed to demonstrate deficient performance as to this ground, and his claim of ineffective assistance fails.

*Judgment affirmed. All the Justices concur.*

DECIDED OCTOBER 21, 2013 —
RECONSIDERATION DENIED NOVEMBER 18, 2013.

*Joshua D. Earwood*, for appellant.

*Rosemary M. Greene, District Attorney, Stewart D. Bratcher, Assistant District Attorney, Samuel S. Olens, Attorney General, Patricia B. Attaway Burton, Deputy Attorney General, Paula K. Smith, Senior Assistant Attorney General, Katherine T. Parvis, Assistant Attorney General*, for appellee.