### S16A1084. MARSHALL v. THE STATE.
(792 SE2d 350)

THOMPSON, Chief Justice.

Appellant Dijuan Marshall was convicted of felony murder and related crimes in connection with a home invasion during which victim Joshua Scott was shot and killed.[1] Appellant's motion for new trial was denied, and he now appeals his convictions, contending that his trial counsel rendered ineffective assistance by failing to object to certain evidence adduced by the State at trial. Finding no reversible error, we affirm.

1. Viewed in the light most favorable to the jury's verdicts, the evidence at trial established as follows. In the early morning hours of November 18, 2008, armed men broke into a home in College Park occupied by victim Scott and his friend, Kevin Terrell. According to Terrell, the home's front door was kicked in by several men who announced themselves as police, and a gunfight ensued, during which Scott was shot and killed.

Appellant was an active participant in the home invasion, together with co-defendant Mark Thornton and co-indictees Simeon Slade, Anthony Brooks, and Wayne Mayers. Slade needed money and, on the

---

[1] The crimes occurred on November 18, 2008. A Fulton County grand jury indicted appellant, along with co-indictees Mark Thornton, Anthony Brooks, Wayne Mayers, and Simeon Slade, in connection with the crimes. Appellant was charged with malice murder, three counts of felony murder, aggravated assault, criminal attempt to commit armed robbery, burglary, possession of a firearm during the commission of a felony, and conspiracy to commit armed robbery. Following a May 2010 jury trial at which appellant and Thornton were tried jointly, appellant was found not guilty of malice murder but guilty on all other counts. Appellant was sentenced on May 25, 2010 to life in prison for felony murder predicated on aggravated assault, plus a total of 55 years on the other counts that were not merged or vacated by operation of law. See *Malcolm v. State*, 263 Ga. 369 (4) (434 SE2d 479) (1993). Appellant's trial counsel apparently attempted to file a notice of appeal on appellant's behalf but filed it under the wrong case number, and thereafter new appellate counsel moved for an out-of-time appeal, which was granted on November 10, 2010. Appellant filed a motion for new trial on November 22, 2010, and amended the motion on September 25, 2015. Following a hearing in October 2015, the trial court denied the motion but held that the convictions for burglary and conspiracy to commit armed robbery should have merged for sentencing purposes. Appellant filed a timely notice of appeal, and the appeal was docketed to this Court's April 2016 term and thereafter submitted for decision on the briefs.

day before the crimes, he talked to Thornton about robbing a man named "Josh," whom Thornton claimed had cash and drugs. In the hours leading up to the burglary, appellant and Slade met up with Mayers and Brooks. Thornton subsequently joined the group, and, driving his girlfriend's Mercury Marquis, he led the way to the home of the victim, with Mayers following in a red SUV. With Mayers and Thornton standing by at the cars, appellant, Slade, and Brooks, all armed with firearms, approached the home, kicked in the door, and confronted the victim, who fired a gun, hitting Slade in the side. In the shootout that followed, the victim was fatally shot. Investigators at the scene later found a safe containing a large amount of cash and trafficking-level quantities of cocaine and marijuana.

After the shooting, all the perpetrators fled the scene, and Thornton dropped off Slade, along with Brooks, at a nearby hospital. Later that morning, Fulton County Police Detective Tamika Pritchett, who had responded to the hospital's report of a gunshot injury, spoke with Slade's mother. The mother reported that she had received a phone call that morning from the brother of "TJ," one of Slade's friends, inquiring about TJ's whereabouts. Detective Pritchett contacted the brother, who reluctantly identified "TJ" as appellant. Detective Pritchett then tracked down appellant's mother, who was unaware of her son's whereabouts, noting that she had awakened at 1:00 that morning to find that he had left the house.

In the ensuing investigation, Mayers and Slade each gave recorded statements to law enforcement officers implicating appellant in the crimes. Both testified at trial as part of respective plea deals; though Slade largely recanted his prior statement as it related to appellant's involvement in planning the robbery, on cross-examination he acknowledged that he had previously told police that the robbery was appellant's idea.

Although appellant does not specifically challenge the sufficiency of the evidence supporting his convictions, we conclude that the evidence as summarized above was sufficient to enable a rational trier of fact to find appellant guilty beyond a reasonable doubt of the crimes of which he was convicted. *Jackson v. Virginia*, 443 U. S. 307 (99 SCt 2781, 61 LE2d 560) (1979); see also OCGA § 16-2-20 (parties to a crime).

2. Appellant contends that his trial counsel rendered ineffective assistance by failing to object to certain testimony at trial. To establish ineffective assistance of counsel, a defendant must show that his counsel's performance was professionally deficient and that but for such deficient performance there is a reasonable probability that the result of the trial would have been different. *Strickland v. Washington*, 466 U. S. 668, 695 (104 SCt 2052, 80 LE2d 674) (1984); *Wesley v.*

*State*, 286 Ga. 355 (3) (689 SE2d 280) (2010). To prove deficient performance, one must show that his attorney "performed at trial in an objectively unreasonable way considering all the circumstances and in the light of prevailing professional norms." *Romer v. State*, 293 Ga. 339, 344 (3) (745 SE2d 637) (2013). Courts reviewing ineffectiveness claims must apply a strong presumption that counsel's conduct fell within the wide range of reasonable professional performance. Id. Thus, decisions regarding trial tactics and strategy may form the basis for an ineffectiveness claim only if they were so patently unreasonable that no competent attorney would have followed such a course. Id. If the defendant fails to satisfy either the "deficient performance" or the "prejudice" prong of the *Strickland* test, this Court is not required to examine the other. See *Green v. State*, 291 Ga. 579 (2) (731 SE2d 359) (2012).

(a) Appellant first assails counsel's failure to object when the prosecutor was permitted to play for the jury recordings of the pre-trial statements by Slade and Mayers. These witnesses were the only two of the five participants in the crimes to testify, and their testimony was thus critical to the State's case. Both witnesses were subject to vigorous cross-examination by both appellant's and Thornton's trial attorneys regarding the plea deals they had extracted in exchange for their testimony and various inconsistencies between their trial testimony and respective pre-trial statements. The State opted to introduce the recordings of these witnesses' pre-trial statements during its direct examinations, respectively, of Detective Pritchett, who had conducted Mayers' interview, and Fulton County Police Detective Marc McGowan, who had conducted Slade's interview. Neither appellant's nor Thornton's trial counsel objected when the recordings were tendered and published to the jury.

At appellant's new trial hearing, trial counsel, an experienced criminal defense attorney, testified that, while he had considered objecting, he made the conscious decision not to object, based on his determination that the recordings were more damaging to these witnesses' overall credibility than they were corroborative of their trial testimony. The recordings not only reinforced inconsistencies between the witnesses' past and current accounts of the crimes but also exposed how the interviewing detectives were skeptical of certain assertions made by these witnesses in their earlier statements. Under these circumstances, trial counsel's decision to refrain from objecting constituted reasonable trial strategy and cannot support a claim of ineffectiveness. See *Johnson v. State*, 294 Ga. 86 (7) (b) (750 SE2d 347) (2013) (trial counsel's decision to forgo objection to witness' testimony in favor of impeaching witness was reasonable trial strategy not supportive of ineffectiveness claim); *Green*, 291 Ga. at 580

(trial counsel's decision not to object to hearsay statements was reasonable trial strategy not supportive of ineffectiveness claim).

(b) Appellant also contends that trial counsel rendered ineffective assistance by failing to object to Detective Pritchett's testimony regarding the purported hearsay statements of (1) Slade's mother, to the effect that she had received a call from "TJ's" brother on the morning of the crimes inquiring as to "TJ's" whereabouts; (2) appellant's brother, identifying "TJ" as appellant; and (3) appellant's mother, stating that appellant had not been at home during the time frame of the crimes. To the extent any of these statements would have been objectionable as hearsay, we find no prejudice from counsel's failure to object, as the effect of these statements together was merely cumulative of other undisputed evidence establishing "TJ" as appellant's nickname and identifying appellant as a participant in the crimes, including the testimony and pre-trial statements of Mayers and Slade. See, e.g., *Jackson v. State*, 288 Ga. 213 (2) (e) (702 SE2d 201) (2010) (no prejudice shown from failure to object to inadmissible evidence that was merely cumulative of other admissible evidence). Accordingly, appellant's ineffectiveness claim in this regard is without merit.

*Judgment affirmed. All the Justices concur.*

DECIDED OCTOBER 17, 2016.

*Daniel H. Petrey*, for appellant.

*Paul L. Howard Jr., District Attorney, Paige Reese Whitaker, Kevin C. Armstrong, Assistant District Attorneys; Samuel S. Olens, Attorney General, Patricia B. Attaway Burton, Deputy Attorney General, Paula K. Smith, Senior Assistant Attorney General, Michael A. Oldham, Assistant Attorney General*, for appellee.