305 Ga. 671
FINAL COPY

S19A0012.  KOONCE v. THE STATE.

BOGGS, Justice.

Norman Koonce, Jr., was convicted of malice murder, armed robbery, aggravated battery, two counts of possession of a firearm during the commission of a felony, and possession of a firearm by a first offender probationer in connection with the killing of Quahfee Murphy and the wounding of Allen Moore III. He was sentenced to life in prison plus 30 years. His amended motion for new trial was denied, and he appeals, asserting ineffective assistance of counsel. Finding no error, we affirm.[1]

---

[1] The crimes occurred on April 26, 2014. On July 9, 2014, a Chatham County grand jury indicted Koonce for malice murder, three counts of felony murder, criminal attempt to commit a felony, armed robbery, two counts of aggravated assault, aggravated battery, seven counts of possession of a firearm during the commission of a felony, and possession of a firearm by a first offender probationer. After a trial from January 25-29, 2016, a jury found Koonce guilty on all 17 counts. The trial court sentenced Koonce to serve life in prison for malice murder, life in prison concurrent with the malice murder count for armed robbery, 20 years consecutive for aggravated battery, and five years on each of three firearms charges, two of which were consecutive, for a total sentence of life in prison plus 30 years. The trial court clarified in a subsequent order that the felony murder counts were vacated by operation of law, one aggravated assault count merged into the malice murder count, the

The evidence presented at trial showed that Koonce encountered Moore, who knew him slightly, at a gas station in Savannah and struck up a conversation about obtaining a rifle. Moore said that he had a friend, Murphy, who would be willing to trade his rifle for some handguns. The meeting eventually took place at Moore's home, while Moore's girlfriend and two of Koonce's friends waited in their cars outside. Inside the home, Koonce shot both Murphy and Moore in the head, killing Murphy and severely wounding Moore, who survived. Koonce then took the rifle and left, telling his friends, "We good." Koonce told one of his friends to "get rid of" the car and told his girlfriend to report the car as stolen. Moore identified Koonce to police as the shooter. Koonce testified at trial and admitted the shooting, but claimed that he acted in self-

criminal attempt count and one aggravated assault count merged with the aggravated battery, and five of the firearms charges merged into the remaining three firearms charges, one of which was concurrent with the malice murder and armed robbery sentences. On February 4, 2016, Koonce's trial counsel filed a motion for new trial, which was amended by appellate counsel on August 31, 2016. After a hearing on November 15, 2016, the trial court denied Koonce's motion on March 27, 2018. Koonce filed a timely notice of appeal, and his case was docketed in this Court for the term beginning in December 2018 and submitted for decision on the briefs.

defense after Moore pointed the rifle at him and Murphy lifted up his shirt, as if to reach for a concealed weapon. No handguns were found in Moore's home.

1. Though Koonce has not enumerated sufficiency, we have concluded that the evidence as summarized above was sufficient to enable a rational trier of fact to conclude beyond a reasonable doubt that Koonce was guilty of the crimes of which he was convicted. See *Jackson v. Virginia,* 443 U. S. 307 (99 SCt 2781, 61 LE2d 560) (1979).

2. In his sole enumeration of error, Koonce asserts that his trial counsel provided ineffective assistance and lists six instances of alleged deficiency on the part of his trial counsel. To prevail on a Sixth Amendment claim of ineffective assistance, Koonce must prove both that the performance of his lawyer was deficient and that he was prejudiced by this deficient performance. *Strickland v. Washington,* 466 U. S. 668, 687 (III) (104 SCt 2052, 80 LE2d 674) (1984); *Terry v. State,* 284 Ga. 119, 120 (2) (663 SE2d 704) (2008). To prove deficient performance, Koonce must show that his attorney

"performed at trial in an objectively unreasonable way considering all the circumstances and in the light of prevailing professional norms." *Romer v. State*, 293 Ga. 339, 344 (3) (745 SE2d 637) (2013). And to prove prejudice, Koonce "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, supra, 466 U. S. at 694 (III) (B). "This burden is a heavy one. [Cit.]" *Young v. State*, 305 Ga. 92, 97 (5) (823 SE2d 774) (2019). Having reviewed the alleged instances of ineffective assistance asserted by Koonce, we conclude that his claim is without merit.

(a) Koonce first asserts that trial counsel was ineffective in failing to move for a mistrial or otherwise object to the prosecutor's misstatement of a witness' testimony. This witness was present at the gas station and described Koonce's behavior there, referring to

him as "[t]he subject that supposedly did all of this."[2] Responding to his description, the prosecutor asked, "Okay. Let's take it back a little bit. You said the person that did all of this." At the hearing on the motion for new trial, trial counsel testified that he did not see this as a misstatement, and the trial court agreed. As noted in Division 1, Koonce testified at trial and admitted that he shot both victims, although he claimed that he did so in self-defense. While Koonce cites, without comment or differentiation, 14 cases for his general assertion that failure to object to objectionable testimony "can establish ineffective assistance of counsel," he has failed to show, particularly in light of his own testimony, that trial counsel's decision not to object was deficient, or a reasonable probability that the result of the trial would have been different had counsel interposed an objection.

(b) Koonce also contends trial counsel was ineffective in failing to object or move for a mistrial when detectives summarized their

---

[2] The witness, a friend of victim Moore, testified that Koonce had a handgun in his waistband and was behaving in a threatening and agitated manner. He expressed his concerns about Koonce to Moore, but Moore told him not to worry because Koonce had dated his sister.

interviews with witnesses, and when the State played a recorded interview of Moore, in alleged violation of the rule against hearsay. Koonce asserts that trial counsel admitted at the hearing on the motion for new trial that he had no strategic reason for not objecting, but the transcript shows that trial counsel gave several strategic and tactical reasons for not objecting, including that he wanted to show inconsistencies between the witnesses' statements, their testimony, and the facts of the case. He also testified that he "wanted the interviews to be heard," and that "the jury got a chance to see Mr. Moore and hear Mr. Moore. I got a chance to cross-examine Mr. Moore." He particularly noted that the witnesses all knew each other but Koonce only knew Moore; Moore and Murphy insisted on the transaction taking place at Moore's home; and at one point, Moore told police that Murphy, the deceased victim, had a gun. In counsel's opinion, this evidence supported Koonce's claim of self-defense, and he argued that theory to the jury in closing.

A decision to refrain from objecting to testimony in favor of impeaching a witness or showing inconsistencies in the evidence is

a trial strategy and, if reasonable, will not support an ineffectiveness claim. See *Marshall v. State*, 299 Ga. 825, 827-828 (2) (a) (792 SE2d 350) (2016) (counsel's decision not to object to witnesses' recorded statements because of inconsistencies was reasonable trial strategy and counsel's performance was not deficient); *Johnson v. State*, 294 Ga. 86, 92-93 (7) (b) (750 SE2d 347) (2013) (counsel's decision not to object to witness' hearsay testimony in favor of cross-examination was matter of trial strategy and not patently unreasonable so that no competent lawyer would have made it). Trial counsel's decision not to object to the complained-of evidence and instead to use it to support Koonce's claim of self-defense was a matter of trial strategy and not patently unreasonable; it therefore fails to demonstrate deficient performance. See id.

Moreover, Koonce has made no effort to demonstrate how the alleged deficiency of trial counsel affected the result of the trial, or whether a reasonable probability exists that the outcome would have been more favorable to him if counsel had objected. He again lists the same 14 cases without discussion, other than altering his

assertion to claim that failure to raise a valid objection will — rather than can — establish ineffective assistance of counsel. Here, Koonce himself testified and admitted to most of the circumstances leading up to the encounter. Koonce has failed to show, particularly in light of his trial testimony, a reasonable probability that the result of the trial would have been different had counsel interposed an objection to the statements or recordings.

(c) Koonce also contends trial counsel was ineffective in failing to object or move for a mistrial when one of the investigating officers, Detective Jonathan Puhala, testified regarding his interview of Moore. Specifically, Koonce complains that Detective Puhala gave inadmissible opinion testimony regarding Moore's ability to remember details, bolstering Moore's credibility. Detective Puhala testified that he conducted a "very brief, brief interview" with Moore in the emergency room, observing that Moore "had been shot in the head. He did not look well." He stated that Moore appeared to be blind, and his ability to communicate was "limited. His answers were generally one word answers, short, short sentences." He added

that the purpose of the interview was simply to obtain basic information in case Moore did not survive and to see if Moore could identify his assailant. The prosecutor then asked if the detective "ever had to interview people that have suffered brain injuries kind of shortly after it's happened." He responded, "Yes . . . [p]retty frequently," and agreed that it was "normal for them to not have all the details at that point." Asked if that was the case with Moore, Detective Puhala responded, "Yes. . . . It appeared to me he was trying to answer my questions the best he could, but he was struggling. . . ." At the hearing on the motion for new trial, trial counsel testified that he did not object because he did not think the answers were objectionable. Asked if the detective had been "qualified as any sort of expert to talk about brain injuries," trial counsel responded, "No, he was not in that case. But I don't think you have to be qualified to answer a question."

Koonce contends that trial counsel should have objected to this testimony as improper testimony that bolstered Moore's credibility. He first cites *Bly v. State*, 283 Ga. 453, 456-457 (1) (660 SE2d 713)

(2008), in which a police officer who did not witness a traffic stop and was not qualified as an expert testified that the officer involved "acted appropriately." This Court held that admission of that testimony was error, because the officer did not base his opinion upon personal observation but merely on the testimony and evidence presented to the jury. See id. Koonce relies upon that holding to contend that the detective gave improper opinion testimony regarding his interview of Moore. But here, in contrast to the officer in *Bly*, the detective "personally observed the events to which [he was] testifying," and was authorized to "state his impressions drawn from, and opinions based upon, the facts and circumstances observed by him or the effect which they produced upon his mind." (Citation, punctuation and emphasis omitted.) Id. at 456 (1).

Koonce further contends that the detective's testimony invaded the province of the jury, relying upon *Bly*, supra, 283 Ga. at 458 (2), and *McCartney v. State*, 262 Ga. 156, 159 (1) (414 SE2d 227) (1992), overruled on other grounds, *Linson v. State*, 287 Ga. 881, 886 (4) (700 SE2d 394) (2010), and improperly bolstered the credibility of

another witness as to whether that witness was telling the truth, relying upon *Word v. State*, 308 Ga. App. 639, 642 (708 SE2d 623) (2011), *Howie v. State*, 281 Ga. App. 730, 732 (637 SE2d 134) (2006), and *Patterson v. State*, 278 Ga. App. 168, 170 (628 SE2d 618) (2006). But these decisions are likewise inapposite. The effects of Moore's head injury as observed by Detective Puhala were not expert opinion as to Moore's truthfulness. And it is by no means clear that testimony that Moore appeared confused and was "struggling" to respond to the detective's questions bolstered Moore's testimony.

Additionally, the prosecutor inquired extensively into Moore's injuries and deficits, including defects of memory, in the State's direct examination of Moore. And the lead detective, Allison Nichols, also interviewed Moore and testified to his confusion and lack of memory. Koonce did not object to this testimony, and appellate counsel does not enumerate this as an instance of ineffectiveness. Detective Puhala's testimony regarding the effects of Moore's injury therefore was largely cumulative of other, unobjected-to evidence of the same facts. See *Marshall v. State*, 297 Ga. 445, 449 (2) (a) (774

SE2d 675) (2015). Once again, Koonce simply repeats his 14-case citation, failing entirely to address what effect, if any, trial counsel's failure to object to this testimony had upon the outcome of the trial, particularly in light of the cumulative nature of the testimony. He therefore has failed to show either deficiency or prejudice from counsel's failure to object.

(d) Koonce also contends trial counsel was ineffective in failing to object or move for a mistrial when Detective Nichols testified to the results of her investigation. Koonce acknowledges that Detective Nichols was present at the crime scene and that some of her testimony "may have been based on her personal knowledge," but asserts that "most" of her testimony was based upon what she was told or read in reports and thus was inadmissible hearsay. Specifically, he points to Detective Nichols' testimony regarding the firearms involved, the shell casings found on the crime scene, and the number of shots fired.

But Detective Nichols testified that she responded to the crime scene, observed Murphy's body still lying undisturbed on the floor,

and collected evidence from his body and the surrounding area, including three shell casings which she identified. Thus, the record contradicts Koonce's claim that Detective Nichols was repeating inadmissible hearsay. Moreover, even to the extent that the testimony regarding the number of shots fired or the terms of the exchange of firearms was hearsay, it was cumulative of other evidence presented, including Koonce's own testimony. Koonce testified at some length to the terms of the exchange and the firearms involved, and he also testified that he fired three shots during the altercation. Trial counsel was not deficient in failing to object to the cumulative testimony of Detective Nichols on these matters. *Marshall*, supra, 297 Ga. at 449 (2) (a).

Koonce further contends that Detective Nichols "bolstered Murphy's testimony that he did not have a handgun or that Koonce was the only person with any handguns." But Murphy is deceased and did not testify. And Koonce in his testimony acknowledged that he brought two handguns to the house to trade for the rifle which he observed in Moore's possession. Koonce thus has failed to

demonstrate that objection was warranted or that trial counsel was deficient in not objecting. Morever, he once again repeats his 14-case citation without addressing the effect, if any, of the alleged deficiency upon the outcome of the trial, and thus has failed to show prejudice.

(e) Koonce also contends trial counsel was ineffective in failing to object or move for a mistrial when the prosecutor commented on an evidentiary ruling by the trial court in the presence of the jury. Trial counsel objected to the replaying of a video interview of Moore, and in a sidebar conference the trial court sustained the objection in part, instructing the State to limit its replaying of the recording to those portions referring to matters as to which Koonce had cross-examined witnesses or presented other evidence challenging the testimony. After the sidebar concluded, the prosecutor added, "And just to be clear, and pursuant to the defense[']s request, we'll just play specific portions. If anyone requests — requires the entire video to be play[ed], we can." The trial court responded, "Certainly."

Koonce asserts that the prosecutor improperly commented on

a ruling by the trial court and insinuated that the defense was hiding evidence from the jury. He cites *Spry v. State*, 156 Ga. App. 74 (274 SE2d 2) (1980), and *Luke v. State*, 236 Ga. App. 543 (512 SE2d 39) (1999), but neither case supports his assertion. In *Spry*, the prosecutor in closing argument on a charge of distributing obscene material asserted to the jury that a judge had already made a determination that the magazine was obscene before warrants issued and the defendants were arrested. The Court of Appeals held that this was evidence improperly injected into the case and required a new trial. See *Spry*, supra, 156 Ga. App. at 76-77 (3). In *Luke*, the prosecutor in closing argument argued that, if the defense asserted by the defendants had any merit, "the judge would be done dismissed the case and we'd all be done gone home." Id. at 544 (4). The Court of Appeals reversed, noting that the argument was "objectionable as introducing into the argument the opinion of the trial judge on questions of fact which opinion should not have been in the minds of the jurors in arriving at the verdict." Id. at 545 (4). Here, the prosecutor simply restated the evidentiary ruling by the

trial court, a ruling which became apparent to the jurors when the State played only portions of the interview. Koonce has not shown that an objection was warranted or that trial counsel was deficient in not objecting; nor has he shown prejudice by merely repeating the 14-case string citation without addressing the effect, if any, of the alleged deficiency upon the outcome of Koonce's trial.

(f) Finally, Koonce also contends trial counsel was ineffective in failing to object to the State's examination of Detective Nichols with regard to a statement given to her by witness Davawn Minor. Trial counsel did in fact object that the witness had already testified, and argued that it was "improper for this witness to testify [to] what Davawn Minor said. We've already heard from Davawn Minor." The trial court overruled the objection. Koonce asserts, however, that trial counsel should have objected on the additional ground that the State had already played the recording of Minor's police interview and that Detective Nichols' testimony therefore was improper bolstering. But, as the State asserted in response to the objection, it was seeking to impeach Minor, not bolster Minor's testimony: "I'm

impeaching his testimony of things that he's said on the stand, like, 'I can't remember,' and, 'I never said certain things.' I'm only covering those brief topics." An objection on this ground therefore would have been meritless, see *Danenberg v. State*, 291 Ga. 439, 441-442 (3) (729 SE2d 315) (2012), and failure to interpose a meritless objection does not constitute ineffective assistance. See *Faust v. State*, 302 Ga. 211, 218 (4) (a) (805 SE2d 826) (2017). Nor has Koonce offered any argument beyond the 14 cases already cited to show a reasonable probability that, but for trial counsel's failure to object to this testimony, the result of the proceedings would have been different, particularly in light of Koonce's admission of the circumstances of the transaction and the shooting.[3]

Judgment affirmed. All the Justices concur.

---

[3] Koonce asserts that trial counsel's alleged errors must be viewed cumulatively. See *Schofield v. Holsey*, 281 Ga. 809, 811 (II) n.1 (642 SE2d 56) (2007). But, as noted above, Koonce has failed to demonstrate deficiency in any instance alleged, nor has he shown prejudice. His reliance on *Schofield* is therefore unavailing. See *Dent v. State*, 303 Ga. 110, 119 (4) (e) (810 SE2d 527) (2018).

Decided April 29, 2019.

Murder. Chatham Superior Court. Before Judge Abbot.

Steven L. Sparger, for appellant.

Meg E. Heap, District Attorney, Matthew Breedon, Assistant District Attorney; Christopher M. Carr, Attorney General, Patricia B. Attaway Burton, Deputy Attorney General, Paula K. Smith, Senior Assistant Attorney General, Katherine D. Emerson, Assistant Attorney General, for appellee.