306 Ga. 779
FINAL COPY

S19A0913.  RICHARDS v. THE STATE.

BENHAM, Justice.

Appellant Abijah Richards was convicted of malice murder and associated offenses arising out of the shooting death of Leevon Daniels.[1]  On appeal, Appellant claims only that trial counsel was ineffective.  Finding no error, we affirm.

Viewed in a light most favorable to the verdicts, the evidence

---

[1] In March 2016, a DeKalb County grand jury indicted Appellant, Monolito Walker, and Mohamed Kamara on the charges of malice murder, felony murder predicated on aggravated assault, aggravated assault, armed robbery, and possession of a firearm during the commission of a felony. Pursuant to an agreement with the State, Walker and Kamara pled guilty to voluntary manslaughter as a lesser offense of malice murder.  Appellant was tried alone from October 30 to November 3, 2017, and a jury returned guilty verdicts on all counts.  On November 3, 2017, Appellant was sentenced to serve life in prison for malice murder, a consecutive ten-year term in prison for armed robbery, and a consecutive five-year term in prison for possession of a firearm during the commission of a felony;  the other counts were vacated by operation of law or merged for sentencing purposes.

On November 3, 2017, Appellant filed a motion for new trial, which was amended in late November 2017.  Following a hearing, the trial court denied the motion as amended on December 31, 2018.  Appellant filed his notice of appeal on January 30, 2019; this case was docketed to the April 2019 term of this Court and thereafter submitted for a decision on the briefs.

adduced at trial established as follows. On the evening of May 2, 2015, Appellant and co-indictee Mohamed Kamara set out in an SUV to find a club or party to attend. The pair encountered co-indictee Monolito Walker, along with Dawson Brown, Christay Eady,[2] and Torrance Chaney at a gas station, and the group of six departed in the vehicle; Kamara drove, while Appellant, who was armed with a nine-millimeter Glock handgun, rode in the passenger seat. After being unable to get into a party because they were under age, the group drove to the Lithonia area of DeKalb County and searched for unlocked cars to steal from.

While riding around the area, Appellant saw the victim standing on the side of the road holding an iPhone and decided to rob him. Acting on Appellant's instruction, Kamara turned around and stopped the vehicle. After exiting the SUV, Appellant and Walker approached the victim and demanded his phone; the victim threw the phone at Walker, after which Appellant shot the victim. The victim was later discovered dead from blood loss as the result of

---

[2] Eady died before Appellant's trial.

a gunshot wound caused by a bullet fired from a nine-millimeter Glock pistol.

At trial, co-indictees Kamara and Walker testified that Appellant instigated the robbery and was the triggerman, and Brown and Chaney testified that, when Appellant returned to the vehicle, he bragged about having shot the victim.

1. Though not raised by Appellant as error, in accordance with this Court's general practice in appeals of murder cases, we have reviewed the record and find that the evidence, as summarized above, was sufficient to enable a rational trier of fact to find Appellant guilty beyond a reasonable doubt of the crimes of which he was convicted. *Jackson v. Virginia*, 443 U. S. 307 (99 SCt 2781, 61 LE2d 560) (1979).

2. Appellant argues on appeal that trial counsel was ineffective by failing to object to hearsay testimony from an investigator and by failing to object to emotional character testimony concerning the victim. The trial court concluded that trial counsel's decisions were strategic and, even if they were not, that any deficient performance

3

was not prejudicial. We agree.

To succeed on his claims of ineffective assistance, Appellant bears the heavy burden of showing "both that his counsel performed deficiently and that, but for the deficiency, there is a reasonable probability that the outcome of his trial would have been more favorable." *Slaton v. State*, 303 Ga. 651, 652 (814 SE2d 344) (2018). See also *Strickland v. Washington*, 466 U. S. 668, 687, 694 (104 SCt 2052, 80 LE2d 674) (1984).

> To prove deficient performance, one must show that his attorney performed at trial in an objectively unreasonable way considering all the circumstances and in the light of prevailing professional norms. Courts reviewing ineffectiveness claims must apply a strong presumption that counsel's conduct fell within the wide range of reasonable professional performance. Thus, decisions regarding trial tactics and strategy may form the basis for an ineffectiveness claim only if they were so patently unreasonable that no competent attorney would have followed such a course. If the defendant fails to satisfy either the "deficient performance" or the "prejudice" prong of the *Strickland* test, this Court is not required to examine the other.

(Citation and punctuation omitted.) *Slaton*, 303 Ga. at 652-653. "In reviewing the trial court's decision, we accept the trial court's factual

4

findings and credibility determinations unless clearly erroneous, but we independently apply the legal principles to the facts." (Citations and punctuation omitted.) *Wright v. State*, 291 Ga. 869, 870 (734 SE2d 876) (2012).

(a) Appellant first contends that trial counsel was ineffective in failing to object to hearsay testimony adduced during the State's examination of Sergeant Vickie Logan, as well as eliciting additional hearsay testimony from Sergeant Logan on cross-examination. On direct examination, Sergeant Logan testified concerning the process of her investigation and what she learned from interviewing the various occupants of the SUV. In relevant part, Sergeant Logan testified that: following information from a tipster, she interviewed Eady, who placed himself in the SUV and provided the names of the other occupants, including co-indictee Walker; she interviewed Walker, who reported that he exited the vehicle with Appellant, that the pair robbed the victim, and that Appellant shot the victim; she interviewed Brown, who reported that he had been asleep in the SUV, that he was awoken by a gunshot, that he observed Walker

5

and Appellant return to the vehicle, and that he heard the pair bragging about the killing; Brown and Eady identified both the SUV and co-indictee Kamara from a photograph; and Walker identified Appellant from a photograph. On cross-examination, trial counsel elicited further testimony from the sergeant concerning her discussions with Eady.

At the hearing on Appellant's motion for new trial, trial counsel testified that it was a strategic decision to permit Sergeant Logan to testify to the hearsay statements. Trial counsel explained that, at the time of Sergeant Logan's testimony, Eady was dead and none of the other witnesses had yet testified; the defense understood that the State's entire case was based on witness testimony, and trial counsel planned to use the sergeant's testimony as a means to create and highlight inconsistencies amongst the witnesses' various accounts and, ultimately, to sow doubt as to what occurred on the night in question. The trial court credited trial counsel's testimony and concluded that trial counsel's strategy was reasonable.

Though Appellant claims that this strategy ended up

6

bolstering the testimony from other witnesses, "[c]ounsel's reasonableness is evaluated in conjunction with the attendant circumstances of the challenged conduct . . . with every effort made to eliminate the distorting effects of hindsight." (Citation and punctuation omitted.) *Davis v. State*, 306 Ga. 140, 143-144 (3) (829 SE2d 321) (2019). "Thus, deficiency cannot be demonstrated by merely arguing that there is another, or even a better, way for counsel to have performed." Id. at 144. As the trial court noted in its final order, the two attorneys who represented Appellant at trial "had a difficult task and . . . they did the best they could with the evidence they had." We agree with the trial court that trial counsel did not perform deficiently in this regard. See *Marshall v. State*, 299 Ga. 825, 828 (2) (b) (792 SE2d 350) (2016) (recognizing that trial counsel's decision not to object to hearsay testimony may constitute a strategic decision); *Green v. State*, 291 Ga. 579, 580 (2) (731 SE2d 359) (2012) (reasonable trial strategy for trial counsel not to object where he "knew the eyewitness would be testifying herself . . . and wanted to be able to show inconsistencies in her statement").

7

(b) Appellant next claims that trial counsel was ineffective for failing to object to testimony concerning the victim's good character. Specifically, the jury heard testimony from Phelefhelia Rambali, a friend of the victim, that he "was a really nice person. He was a sweetheart. And the fact that he died like that, he didn't deserve it." Lauren Fordyce, the victim's niece, testified that the victim had a "bubbly" personality and that, despite his lifelong promise, he would not now be able to sing at her wedding.

At the hearing on the motion for new trial, counsel testified that she did not object to the testimony, though emotional and perhaps irrelevant, because the "neutral testimony" did not speak to Appellant's involvement in the murder. Trial counsel also explained that Rambali and Fordyce were the State's first two witnesses, and counsel was concerned that objections during this testimony might not be well received by the jury; according to counsel, she decided to get through the testimony without drawing attention to it and to keep the trial moving. In its order denying Appellant's motion for new trial, the trial court credited trial counsel's testimony and

8

determined that the decision to forgo objecting constituted a reasonable trial tactic. We agree with the trial court's conclusion. See *Kilpatrick v. State*, 276 Ga. 151, 152-153 (2) (575 SE2d 478) (2003) (holding that it was a reasonable trial tactic for counsel to forgo objecting to questionable testimony from the victim's mother to avoid appearing "insensitive" in front of the jury where counsel deemed that such an objection was not "crucial" to the defense).

*Judgment affirmed. All the Justices concur.*

DECIDED SEPTEMBER 9, 2019.
Murder. DeKalb Superior Court. Before Judge Coursey.
*Daniel H. Petrey*, for appellant.

*Sherry Boston, District Attorney, Deborah D. Wellborn, Peter K. Johnson, Roderick B. Wilkerson, Joshua M. Geller, Assistant District Attorneys; Christopher M. Carr, Attorney General, Patricia B. Attaway Burton, Deputy Attorney General, Paula K. Smith, Senior Assistant Attorney General*, for appellee.